A. B. & F. Contracting Corporation, Appellant,
*v.* Matthews Coal Company, Inc.

272

Argued November 18, 1960.  Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, WATKINS, and MONTGOMERY, JJ. (ERVIN, J., absent).

*Joseph P. Work*, with him *Smith, Smith & Work*, for appellant.

*John B. Gates*, for appellee.

OPINION BY WRIGHT, J., December 14, 1960:

This is an appeal from an order of the Court of Common Pleas of Clearfield County striking off a judgment entered by A. B. & F. Contracting Corporation against Matthews Coal Company, Inc.  The factual situation and the respective legal contentions are set forth in the following excerpt from the opinion below:

"The plaintiff and defendant entered into an agreement dated May 8, 1952, in which the plaintiff was designated the contractor, and the defendant desig-

nated operator. By virtue of this agreement, the defendant, the owner of certain surface and mineral rights of several described tracts of land in Penn Township, Clearfield County, Pennsylvania, agreed to pay the plaintiff, as contractor, so much per ton to strip, lift and carry away the coal on the described land.

"This agreement contained a warrant of attorney, authorizing the contractor, the plaintiff, to confess judgment against the defendant, the operator, for any coal stripped and transported, not paid for by the defendant, at the rate fixed in the agreement. The warrant of attorney appears as follows:

" '(i) The parties mutually agree and authorize any attorney of any Court of Record in Pennsylvania or elsewhere as often as default shall be made in the payment of any sums due either party under this Agreement, to appear for such defaulting party and confess judgment or judgments against it, for the sums then due and unpaid, with an attorney's commission of ten per cent, costs of suit, without stay of execution, waiving inquisition and extension and condemnation is hereby agreed to; provided, that the warrants of attorney to confess judgment or judgments for sums of money due hereunder, shall not be exercised by the aggrieved party until after ten (10) days' notice, in writing, has been given to the defaulting party of any default claimed, so that during said ten (10) days' period, such defaulting party may cure, or rectify the said default. It is further mutually understood and agreed that one exercise of such warrant of attorney shall not exhaust the same, but that judgment or judgments may be entered as often as default shall occur hereunder'.

"The warrant of attorney inures to the benefit of either party, in the event a default occurs in any of the covenants to be carried out by either.

"There is also a clause in the contract, that it shall continue for a period of two years from the date thereof, with the right to renew on the part of the contractor, the plaintiff in this judgment, upon giving notice in writing thirty days prior to the expiration of the initial two year period.  Admittedly, this notice was not given and the contract, therefore, terminated on the 8th day of May 1954 . . .

"In the affidavit of default the plaintiff avers the defendant defaulted in the payment of $2862.99, as falling due on December 1, 1953, and has remained in default thereunder until the present time, namely, the entry of the judgment on the warrant of attorney on April 27, 1960.

"In the petition to open and strike, the defendant avers that the amount averred unpaid, became due and payable December 1, 1953, and no further payments under the contract were due the plaintiff by the defendant; and that the amount claimed is barred by the Statute of Limitations.

"The defendant, in its petition, also avers that the contract ended by virtue of its terms, on May 8, 1954, and the warrant of attorney expired at the time the contract terminated; and third, the amount claimed includes coal stripped and removed from land other than that described in the agreement.

"The plaintiff, in answer to the petition, avers the instrument is an instrument under seal and, therefore, the clause for enforcement of duties is not applicable, under the Act of March 27, 1713, Section 1 (12 P.S. 31) ; and that the power of attorney to confess a judgment is not extinguished by the termination of the contract; and further, that the coal stripped and loaded from lands not described in the agreement, was stripped and removed by the parties under the agreement, by implication and course of conduct during the stripping operation".

The rationale of the able opinion of President Judge PENTZ is that the affidavit of default was defective in that it did not aver that appellant had given the ten day notice specified in the warrant of attorney. Appellant states that the question before us is as follows: "Was this judgment by confession properly struck on the ground the affidavit of default did not specifically aver notice of default, when Defendant did not raise or argue this issue, when Defendant appeared and argued its motion to open, and when notice had been given and the affidavit of default so implied?"[1]

In *Grady v. Shiffler*, 384 Pa. 302, 121 A. 2d 71, Mr. Chief Justice STERN said: "It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant". If the authority to enter judgment by confession on a warrant of attorney is not strictly followed, the judgment will be stricken: *Park-Main Co. v. Fayette National Bank & Trust Co.*, 397 Pa. 75, 152 A. 2d 714.

Appellant contends that the issue of the failure to set forth in the affidavit of default that the ten day notice had been given was not raised at the hearing on petition and answer. It is appellant's position, citing *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421, that the court below erred in striking the judgment on an issue raised of its own motion. In a footnote in the *Kros* case, doubt is expressed as to whether a court can, of its own motion, convert a rule to strike

---

[1] It should be noted that this statement of the question involved assumes a fact not in the record, namely, that the ten day notice had actually been given.

into a rule to open, or whether, where petitioner asks only that the judgment be opened, the court can, of its own motion, strike off the judgment. Although the practice was not approved, we held in *Scholnick, Inc. v. Canelos*, 100 Pa. Superior Ct. 6, that a petition to open may, upon application of the defendant, be converted into one to strike where substantial justice is done thereby. Howbeit, appellant's contention is without merit as applied to the instant case in view of the disclosure by the record that appellee's petition was in the alternative. It concludes with a request for "a rule to show cause why the said judgment . . . should not be stricken and/or why said judgment should not be opened".

It is further argued that there actually was no defect of record. Appellant takes the position that attaching a copy of the contract to the affidavit of default, and stating that the judgment was authorized "under the terms of said contract", implies that the necessary requirements had been met. Reliance is placed on *Kros v. Bacall Textile Corp.*, supra, 386 Pa. 360, 126 A. 2d 421; *Fidelity Financial Corp. v. Bassman*, 393 Pa. 613, 144 A. 2d 841; and *Park-Main Co. v. Fayette National Bank & Trust Co.*, supra, 397 Pa. 75, 152 A. 2d 714, which cases stand for the general proposition that it is necessary only that the affidavit, on which the confession of judgment is based, should set forth the default and the amount alleged to be due, and that supporting facts need not be stated. However, it is our view that the giving of the ten day notice in the instant case does not fall within the category of a supporting fact, but is a condition precedent to the exercise of the warrant of attorney. It is a separate and independent requirement which it was necessary for appellant to perform following the default, and before it could invoke the use of the warrant of attorney.

Appellant further takes the position that, even assuming that the failure to specifically aver in the affidavit of default that the notice was given constitutes a defect on the face of the record, it is not a fatal defect, but one which could have been corrected by amendment. Appellant quotes from *West Penn S. & G. Co. v. Shippingport S. Co.*, 367 Pa. 218, 80 A. 2d 84, as follows: "It has always been held that formal defects, mistakes, and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of the defendant or of any third persons will not be prejudiced thereby". With this proposition we are in full accord. An examination of the *West Penn* case discloses that, as in the instant case, notice of the default was required prior to exercise of the warrant of attorney. However, when judgment in that case was confessed, "the affidavit of default incorporated by reference the written notice served upon defendant of the breaches of its covenants in the lease". It was held that failure to attach a copy of such notice to the affidavit of default was an amendable defect. The obvious distinction between the *West Penn* case and the instant one is the fact that, in *West Penn*, the giving of notice was disclosed in the affidavit of default. Certainly, the failure to attach a copy of the notice itself was merely a formal defect. We do not so regard the complete failure to allege the giving of notice. The present record is devoid of one of the essential elements upon which lawful exercise of the warrant of attorney was predicated. Cf. *Harwood v. Bruhn*, 313 Pa. 337, 170 A. 144.

Appellant's final contention is that the action of the court below in striking the judgment on a ground not set forth in the petition, or argued before the court, deprived it of the opportunity to answer. This argu-

ment was recently answered in *Roxy Auto Co. v. Moore,* 180 Pa. Superior Ct. 603, 122 A. 2d 87, wherein Judge GUNTHER said: "Although defendant's petition did not specifically allege the Act as basis for striking the judgment, the court may of its own motion strike a judgment void on its face". See also *Handel & Hayden B. & L. Assn. v. Elleford,* 258 Pa. 143, 101 A. 951. An order for the striking off the judgment is the appropriate remedy when the entry of the judgment is unauthorized: *Landsdowne Bank & Trust Co. v. Robinson,* 303 Pa. 58, 154 A. 17.

In conclusion, it is our view that the instant controversy was properly determined in the court below on the ground that appellant's affidavit of default was defective. Under the circumstances, it becomes unnecessary to consider the other issues raised by the petition and answer.

Order affirmed.