J-A28021-14

2015 PA Super 114

| | |
|---|---|
| THE DIME BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER ANDREWS | |
| Appellant | No. 1129 EDA 2014 |

Appeal from the Order Entered on March 6, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No.: 8939 CIVIL 2012

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

OPINION BY WECHT, J.:                                    **FILED MAY 08, 2015**

Peter Andrews appeals the trial court's March 6, 2014 order denying his petition to strike a confessed judgment in favor of The Dime Bank ("Dime") and allowing Dime to file a second amended complaint in confession of judgment.  The question presented concerns infirmities in Dime's first and first amended complaints in confession of judgment, which infirmities Andrews contends the trial court should have deemed fatal to the judgment.  We reverse and remand for further proceedings.

On or about August 19, 2011, in tandem with obtaining a loan from Dime in the amount of $915,942, Samfivedom, LLC, and Thoren, Inc. ("Borrowers"), executed a note ("Note") in favor of Dime that was secured by a guarantee and surety agreement that Andrews executed in his capacity as one of three personal guarantors.  On or about March 2, 2012, the parties

to the Note entered into a note modification agreement that did not affect Andrews' guarantee.

The Guarantee and Suretyship Agreement (the "Guarantee") at issue in this appeal contained a notice obligation on the part of Dime as follows: "The BANK hereby acknowledges and agrees that upon an event of default by the BORROWER under any of the LOAN DOCUMENTS, the BANK shall provide the GUARANTOR with written notice of said default at least ten (10) days prior to the commencement of any collection proceedings hereunder." Guarantee and Suretyship Agreement at 2. It further contained the following provision regarding confession of judgment:

> The GUARANTOR hereby irrevocably authorizes and empowers any attorney of record or the prothonotary or clerk of any court in the Commonwealth of Pennsylvania or elsewhere, to appear for the GUARANTOR at any time after the occurrence of an event of default under any of the LOAN DOCUMENTS in any such court in any action brought against the GUARANTOR by the BANK with respect to the GUARANTOR's obligations under the GUARANTEE or under the LOAN DOCUMENTS and therein to confess or enter judgment against the GUARANTOR for all sums payable by the GUARANTOR to the BANK under this GUARANTEE or under the LOAN DOCUMENTS, as evidenced by an affidavit signed by a duly authorized designee of the BANK setting forth such amount then due from the GUARANTOR to the BANK, plus reasonable attorney's fees and costs. In addition, the GUARANTOR hereby expressly authorizes any attorney of record on behalf of the BANK to commence execution immediately upon the entry upon [*sic*] the confession of judgment . . . .
>
> * * * *
>
> In support of the confession of judgment, it shall not be necessary to file the original debt instrument as a warrant of attorney. The GUARANTOR waives the right to any stay of execution and the benefit of any exemption laws now or hereafter in effect. No single exercise of the foregoing warrant

empowered [*sic*] to bring an action or to confess judgment shall be deemed to exhaust the power, but the power shall continue undiminished and may be exercised from time to time as often as the BANK shall elect until all amounts payable to the bank under the LOAN DOCUMENTS shall have been paid in full.

*Id.* at 4-5 (capitalization modified; emphasis removed).

After Borrowers defaulted under the Note, on October 19, 2012, Dime filed a complaint in confession of judgment. Therein, Dime alleged that "[a] default occurred under the [N]ote in that the Borrowers failed to pay the money due and owing the Bank pursuant to the Note, whereupon the Bank demanded the entire balance of the Note immediately due and payable." Complaint in Confession of Judgment ("First Complaint"), 10/19/2012, at 2 ¶ 6. To this complaint, Dime affixed several affidavits of no import to the instant appeal as well as copies of the Note, note modification, and Guarantee.

On November 8, 2012, Andrews filed a petition to strike the confessed of judgment. On November 14, 2012, the trial court issued a rule to show cause why the petition should not be granted. On December 5, 2012, the parties entered into a stipulation. Therein, the parties agreed that Dime would be allowed to file an amended complaint in confession of judgment. As well, the parties agreed that Andrews would retain the prerogative to file a new petition to strike as though the amended complaint commenced a new

action.[1]  The parties also agreed in the stipulation that it rendered moot Andrews' earlier petition to strike.

On December 19, 2012, Dime filed an amended complaint in confession of judgment ("First Amended Complaint") that was materially identical to Dime's First Complaint.  On January 2, 2013, Andrews filed a petition to strike the First Amended Complaint.  Therein, Andrews identified the following alleged deficiencies in Dime's pleading:

> 7.    Pursuant to Pennsylvania Rule[] of Civil Procedure [2952](b)(6) a complaint [in confession of judgment] shall contain the following:  "[I]f [the] judgment may be entered only after default or the occurrence of [a] condition precedent, an averment of the default or [of the] occurrence of the condition precedent."
>
> [Quoting the Guarantee]:  "(b) the BANK hereby acknowledges and agrees that upon an event of default by the BORROWER under any of the LOAN DOCUMENTS, the BANK shall provide the GUARANTOR with written notice of said default at least ten (10) days prior to the commencement of any collection proceedings hereunder."
>
> 8.    The requirement of giving notice ten (10) days before commencing an action to collect on [a] debt is a condition precedent and [Dime] has failed to aver [in] its [First Amended] Complaint with [*sic*] condition precedent required by Pennsylvania Rule[] of Civil Procedure 2952(b)(6).

Petition to Strike First Amended Complaint at 2 (unnumbered).

_____

[1]    Presumably, this stipulation was entered to enable Dime to cure one or more of the strictly technical errors in Dime's First Complaint that were identified by Andrews in his petition to strike confession of judgment.

On January 3, 2013, the trial court issued a rule to show cause why Andrews' petition should not be granted. On January 22, 2013, Dime filed its answer to Andrews' petition to strike. In relevant part, Dime responded to Andrews' averments as follows:

> 7. Denied. The averments set forth in paragraph 7 are conclusions of law to which no response is necessary. To the extent a response is necessary, the Guarant[ee] is a writing [that] speaks for itself.
>
> 8. Denied. The averments set forth in paragraph 8 are conclusions of law to which no response is necessary. To the extent a response is necessary, on or about September 22, 2012, [Dime] demanded payment in full from the borrower and the guarantors. Additionally, in paragraph 6 of [Dime's] [First A]mended [C]omplaint . . ., a default occurred and [Dime] averred as follows: "A default occurred under the Note in that [Borrowers] failed to pay the money due and owing [Dime] pursuant to the Note, whereupon [Dime] demanded the entire balance of the Note due and payable."

Dime's Answer to Andrews' Petition to Strike Confession of Judgment Based on Amended Complaint in Confession of Judgment at 1-2 (unnumbered). Andrews and Dime filed briefs in support of their petitions on November 15 and November 27, 2013, respectively.[2]

_____

[2] The record includes an October 30, 2013 praecipe directing the prothonotary to schedule this matter for oral argument on December 2, 2013, or on the next available date. The record contains no evidence that such an argument occurred. However, Andrews indicates in his brief that oral argument occurred. Any uncertainty in this regard has no bearing upon our review, because we find the trial court pleadings, the trial court opinion, and the briefs now before us adequate to illuminate fully this case's factual and legal context.

On March 6, 2014, the trial court entered an opinion and order denying Andrews' petition. Therein, it explained as follows:

> [T]he [First] Amended Complaint attaches the Guarantee . . . entered into between [Dime] and [Andrews], accordingly it is part of the record. The [First] Amended Complaint alleges a default, however, it fails to aver that written notice of the default was provided to [Andrews] at least 10 days prior to the commencement of any collection proceedings as set forth in III(b) of the [Guarantee]. Since the warrant of attorney must be strictly construed, and the record indicates that written notice of the default is to be provided to [Andrews] at least 10 days prior to the commencement of any collection proceedings [*sic*]; we find this to be a fatal defect or irregularity appearing on the face of the record.
>
> In its brief, [Dime] argues that **Atlantic National Trust, LLC v. Stivala Investments, Inc.**, 922 A.2d 919 (Pa. Super. 2007), allows it to remedy the defect by amendment of record. In **Stivala**, after confessed judgment was entered and opened by the [c]ourt, the creditor filed a second complaint in confession of judgment. Thereafter, Stivala filed a . . . petition to strike or open the confessed judgment. Stivala argued that judgment was impermissibly confessed twice on the same warrant of attorney and that the second complaint in confession of judgment contain[ed] a fatal defect or irregularity since it [did] not contain the information required by Pa.R.C.P. 2952(a)(5).[1] In denying the petition to strike the confessed judgment, the **Stivala** [c]ourt held that if "the defect is one that can be remedied by an amendment of the record or other action," then a motion to strike may not be granted. **Id.** at 923. However, the [c]ourt must determine if an error is technical or prejudicial. **Id.**
>
> _____
>
> [1] Pa.R.C.P. 2952(a)(5) requires the complaint to contain either a statement that judgment has not been entered on the instrument in any jurisdiction or if it has been entered an identification of the proceedings.
>
> Instantly, [Dime] was required to aver and provide [Andrews] with written notice of default at least 10 days prior to the commencement of any collection proceeding. [Dime] contends

that the cause of action has not changed and that the sending of a 10[-]day notice of default can easily be added to the [a]ffidavit of [Dime]. [Andrews] simply argues that the [First] Amended Complaint does not aver that 10[-]day notice of default was given to him and, therefore, [Dime] failed to comply with the condition precedent contained in the [Guarantee]. Although we agree with [Andrews] that [Dime] failed to aver that written notice of default was provided 10 days prior to the commencement of any collection proceeding, [Andrews] has failed to allege any prejudice.

* * * *

[W]e believe that [Dime's] error can be corrected by amendment as the cause of action has not changed, the ends of justice require the allowance of such amendment, and the substantive right[s] of [Andrews] will not be prejudiced. It is difficult to foresee [Andrews] alleging that he is prejudiced when he was aware on October 19, 2012, that [Dime] sought a judgment against him under the [Guarantee]. There is no doubt that [Andrews] was aware of the previously filed confession of judgment since he stipulated to allowing [Dime] to file [a First Amended Complaint]. Since there has been no averment of prejudice, we will allow [Dime] to file a Second Amended Complaint in Confession of Judgment to correct the defect in the [First] Amended Complaint . . . .

Trial Court Opinion ("T.C.O."), 3/6/2014, at 2-4 (citations modified).

On March 27, 2014, Dime filed a Second Amended Complaint in Confession of Judgment ("Second Amended Complaint"). In relevant part, Dime pleaded that "[a] default occurred under the Note in that the Borrowers failed to pay the money due and owing the bank pursuant to the Note." Second Amended Complaint at 2 ¶ 6. With respect to the provision of notice, Dime pleaded as follows: "By way of letter dated March 11, 2014, [Dime] provided [Andrews] with written notice of [Borrowers'] aforesaid

- 7 -

default . . . ." *Id.* at 2 ¶ 13. Dime attached a copy of that letter to its Second Amended Complaint.

On April 4, 2014, Andrews timely filed a notice of appeal of the trial court's order denying his petition and permitting Dime to file its Second Amended Complaint. On April 11, 2014, the trial court entered an order directing Andrews to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 16, 2014, Andrews filed a petition to strike Dime's Second Amended Complaint. On April 28, 2014, Andrews filed his Rule 1925(b) statement. On April 29, 2014, the trial court entered an order holding in abeyance Andrews' petition to strike Dime's Second Amended Complaint until receiving our disposition of Andrews' pending appeal. On May 14, 2014, the trial court filed a brief Rule 1925(a) opinion that, in essence, reiterated the reasoning offered in the trial court's earlier opinion and order. The matter is now ripe for our review.[3]

_____

[3]    We note that this case arguably presents a question regarding our subject matter jurisdiction over this appeal. While it is true that the appealed trial court order is one declining to strike a judgment, which ordinarily is appealable under Pa.R.A.P. 311(a)(1), *see Haggerty v. Fetner*, 481 A.2d 641, 644 (Pa. Super. 1984), the trial court in the same order acknowledged that Dime's First Amended Complaint was, on its face, fatally defective and granted Dime leave to file a Second Amended Complaint in support of the confessed judgment. By its plain terms, Rule 311(a)(1) appears to authorize the instant appeal. However, as a practical matter, the trial court's order permitting Dime to file an amended complaint in confession of judgment seems *sub silentio* to open or strike the earlier judgment. We have found no precedent squarely addressing this circumstance. Consequently, based upon the language of Rule 311(a)(1), and in an abundance of caution, we will assume without deciding that we
*(Footnote Continued Next Page)*

Andrews raises the following issues:

> 1.    Whether the trial court erred by not finding Dime's failure to comply with a condition precedent clearly stated in the . . . Agreement requiring Dime to give ten (10) days' written notice of a default to Andrews before commencing its collection action was a fatal defect of record which requires the confession of judgment to be stricken without [Andrews] averring prejudice? *See A. B. & F. Contr. Corp. v. Matthews Coal Co.*, 166 A.2d 317 (Pa. Super. 1966) (hereinafter "*ABF*").
>
> 2.    Whether the trial court erred in stating that Andrews' knowledge of the filing of the original complaint in confession of judgment met the required condition precedent of giving ten (10) days' written notice of default before commencing a collection action since commencement of this action occurred on October 19, 2012, not December 12, 2012, when the First Amended Complaint was filed?

Brief for Andrews at 3-4 (modified for clarity).

We begin by reviewing the legal standards governing the underlying proceedings and our review thereof:

> A petition to strike a judgment is a common[-]law proceeding [that] operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. . . . An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997) (quoting *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996)). In assessing whether "there are

*(Footnote Continued)* ————————

have subject matter jurisdiction and address the merits of the issues Andrews presents.

fatal defects on the face of the record . . ., a court may only look at what was in the record when the judgment was entered." *Id.* Moreover, if any defect disclosed by the record "is one that can be remedied by an amendment of the record or other action, *nunc pro tunc*, the judgment should not be stricken off." *George H. Althof, Inc., v. Spartan Inns of Amer., Inc.*, 441 A.2d 1236, 1237 (Pa. Super. 1982). We will reverse a trial court's denial of a petition to strike a judgment only if there is a manifest abuse of discretion or an error of law. *Stivala*, 922 A.2d at 922.

"When a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record." *Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.*, 645 A.2d 843, 846 (Pa. Super. 1994).

> It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant. If the authority to enter judgment by confession on a warrant of attorney is not strictly followed, the judgment will be stricken.

*ABF*, 166 A.2d at 319 (internal quotation marks and citations omitted) (hereinafter "*ABF*"). Notably, we have observed that the rule of "strict construction may be constitutionally mandated in light of . . . due process attacks on *cognovit* clauses." *Solebury Nat'l Bank of New Hope v. Cairns*, 380 A.2d 1273, 1275 (Pa. Super. 1977).

- 10 -

It has always been held that **formal defects**, **mistakes and omissions** in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby.

**West Penn Sand & Gravel Co. v. Shippingport Sand Co.**, 80 A.2d 84, 86 (Pa. 1951) (emphasis added); **see id.** (citing cases).

It is immediately clear to us that the proceedings below have muddied the waters relative to the standards governing our review of the trial court's denial of a motion to strike. First, by the law's letter, in reviewing the underlying confessed judgment in this matter, we may consider only the First Complaint, which was the complaint upon which judgment was entered. However, we find that the First Amended Complaint governs our review because the parties' stipulation appears to reflect their agreement that Dime would substitute its First Amended Complaint for the First Complaint as though the former had been filed in the first instance. However, we may reach no farther forward in time. In particular, we may not consider the timing, nature, or the contents of—or attachments to—the Second Amended Complaint. Although the Second Amended Complaint is part of the certified record before us, the trial court was, and we are, bound to evaluate the validity of the confessed judgment in light of the record at the time of its entry—here, by virtue of the stipulation, that which is contained in the First Amended Complaint and the attachments thereto. **See Cintas Corp.**, 700 A.2d at 917.

The parties do not dispute that the Guarantee required ten days' notice in advance of any exercise of the confession of judgment authority bestowed upon Dime. The parties also do not dispute that Dime did not aver that such notice had been given in its First Amended Complaint, which did not even touch upon the topic beyond alluding to a default followed by a demand for payment. Moreover, nowhere in its responses to Andrews' motions to strike did Dime aver that it had provided such notice.

Rather than review the parties' arguments at length, we note that they hinge entirely upon a handful of prior precedents, from which we must derive whether the fatal defect found by the trial court may be remedied by amendment so as to preserve the previously entered judgment. If, as Andrews argues, we find that the defect may not be cured by amendment, we must reverse the trial court's refusal to strike the confessed judgment. **See ABF**, *supra*. For its part, Dime maintains that, despite the materially undisputed facial defect on the record, under the circumstances of this case the judgment may be struck only if Andrews establishes that the defect had a prejudicial effect. **See West Penn**, *supra*.

Rule of Civil Procedure 2952 provides, in relevant part, that a complaint in confession of judgment based upon an agreement that subjects confession of judgment proceedings to a condition precedent must include "an averment of the default or of the occurrence of the condition precedent." Pa.R.C.P. 2952(a)(6). At a minimum, our case law suggests strongly that a failure to aver the occurrence of a condition precedent, when, as here, the

- 12 -

agreement under which judgment is confessed establishes such a condition, is an irremediable defect, obviating any obligation of the party against whom judgment has been entered to establish prejudice. ***See ABF***, 166 A.2d at 317 (affirming striking of confessed judgment where a warrant of attorney required, as a condition precedent to its exercise, the provision of ten days' notice and the complaint did not aver that such notice was provided); ***cf. Grady v. Schiffer***, 121 A.2d 71, 73-74 (Pa. 1956) (holding that a lack of authority to confess judgment, as opposed to "mere irregularities" in the record, precludes enforcement of clause waiving the right to appeal confession of judgment); ***Triangle Bldg. Supplies & Lumber Co. v. Zerman***, 363 A.2d 1287, 1290 (Pa. Super. 1976) (citing ***Kolf v. Lieberman***, 128 A. 122 (Pa. 1925)) (noting in *dicta* that, if a warrant of attorney precludes the confession of judgment until default has occurred, "a judgment entered prior to default **or without an averment of default** is invalid"). In ***ABF***, we explained that "the giving of . . . notice . . . is a condition precedent to the exercise of the warrant of attorney. It is a separate and independent requirement which it is necessary for [plaintiff/creditor] to perform following the default, and before it could invoke the use of the warrant of attorney." 166 A.2d at 319. Thus, as in ***Grady***, the provision of notice was a condition precedent to the **authority** of the party seeking a confession of judgment to do so.

Dime rests its arguments upon cases that at least arguably have liberalized the allowance of amendment of defective pleadings in confession

of judgment to an extent justifying a departure under the circumstances of this case. In **West Penn Sand**, for example, the debtor sought to strike a confession of judgment on the bases, *inter alia*, that the creditor, *i.e.*, the plaintiff in confession of judgment, failed to attach to the complaint an affidavit of default averring any breach by the debtor of the relevant covenants, and that the affidavit of default was not made by an authorized party under the relevant rule of civil procedure. The creditor, in turn, petitioned the trial court for a rule allowing it to amend or supplement its pleading *nunc pro tunc* with a conforming affidavit and a proper copy of the notice served upon the debtor. **See** 80 A.2d at 86.

We disposed of the issue as follows:

It is, of course, true that where authority to enter a judgment by confession is dependent upon some default of the defendant there must be an averment of such default before a valid judgment can be entered. Here the affidavit of default incorporated by reference the written notice served upon defendant of the breaches of its covenants in the lease but failed to attach a copy of such notice to the affidavit of default itself. This could scarcely be said to have constituted an important omission in view of the fact that defendant had been thoroughly informed by that notice of the defaults of which it was alleged to have been guilty. It has always been held that **formal defects, mistakes and omissions** in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby. Moreover, the lease in this case contained, as previously stated, a release of errors in the entry of judgment, and, while such release does not cure the defect of a lack of authority to confess the judgment, it does waive the right to attack mere irregularities in the proceeding apparent in the record.

* * * *

It may not be amiss in this connection to say that courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; if defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it.

*Id.* (emphasis added; extensive historical citations omitted).

Notably, this Court in *ABF* explained in detail why we found the facts and circumstances in *West Penn Sand* distinguishable from *ABF*:

Appellant . . . takes the position that, even assuming that the failure to specifically aver in the affidavit of default that the notice was given constitutes a defect on the face of the record, it is not a fatal defect, but one [that] could have been corrected by amendment. Appellant quotes from *West Penn* as follows: "It has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of the defendant or of any third persons will not be prejudiced thereby." 80 A.2d at 86. With this proposition we are in full accord. An examination of the *West Penn* case discloses that, as in the instant case, notice of the default was required prior to exercise of the warrant of attorney. However, when judgment in that case was confessed, "the affidavit of default incorporated by reference the written notice served upon defendant of the breaches of its covenants in the lease." It was held that failure to attach a copy of such notice to the affidavit of default was an amendable defect. **The obvious distinction between the *West Penn* case and the instant one is the fact that, in *West Penn*, the giving of notice was disclosed in the affidavit of default. Certainly, the failure to attach a copy of the notice itself was merely a formal defect. We do not so regard the complete failure to allege the giving of notice.** The present record is devoid of one of the **essential elements upon which lawful exercise of the warrant of attorney was predicated**. *Cf. Harwood v. Bruhn*, 170 A. 144 (Pa. 1934).

*ABF*, 166 A.2d at 319-20 (emphasis added; citations modified).

Dime's well-reasoned and written brief is not unpersuasive, but its argument can prevail only if we adhere to one of two unstated premises: Either (1) that the failure of notice in this case somehow differs materially from that in *ABF* or (2) that subsequent cases have abrogated or otherwise confined *ABF* in such a way as to free us from adhering to its plain holding. Dime fails on both counts.

We find that *ABF* carries the day.[4] It would be incredible not to interpret *ABF* as determining that precisely the defect at issue in this case is

_____

[4] Notably, the learned dissent is silent with regard to *ABF*'s close similarity to this case, or the clear import of the distinction it drew between matters going to a party's **authority** to confess judgment, *i.e.*, "the essential elements upon which lawful exercise of the warrant of attorney [is] predicated," and merely "formal defects." 166 A.2d at 320. The dissent also pays no regard to the fact that, in *ABF*, this Court identified the averment that proper notice had been rendered as one of those **"essential elements upon which lawful exercise the warrant of attorney is predicated**," and held in the clearest terms that the failure to aver such notice in a complaint in confession of judgment **required** that the confession of judgment be struck. *Id.* (emphasis added); *see Citizens Nat'l Bank of Evans City v. Rose Hill Cemetery Ass'n of Butler*, 281 A.2d 73, 75 (Pa. Super. 1971) (identifying compliance with the confession authority's notice requirement as unwaivable and fatal to a confessed judgment). As set forth herein, there is not one Pennsylvania case that rebuts this holding relative to the circumstances presented in this case, and none of the few cases cited by the dissent is more clearly on-point with the case *sub judice* than *ABF*. Implicitly, the dissent would depart from *ABF* in this case solely because the creditor "demanded the entire balance of the Note immediately." Dissenting Op. at 4 (quoting Amended Complaint in Confession of Judgment, 12/19/12, at 2). However, to give Dime Bank the benefit of the doubt as to the adequacy of this at best ambiguous averment relative to the issue of notice is patently at odds with the broad and time-
*(Footnote Continued Next Page)*

not a "formal defect, mistake, or admission," but rather involves an "essential element upon which lawful exercise of the warrant of attorney was predicated." **AFB**, 166 A.2d at 19-20. **ABF** plainly is the most on-point case cited by either party, and our research discloses none that is more so.

The first premise is unsound because it is plainly the case that the issue in **ABF** was materially the same as it is in this case. There, as in this case, authority to exercise the warrant of attorney hinged by the terms of the instrument upon the provision of ten days' notice by the party seeking to exercise the warrant. Dime offers no effective argument to the contrary. The second premise, too, is unsound. While Dime makes much of our allowance-of-amendment caselaw, none of the cases are as on-point as **ABF**. **See** Brief of Dime at 11-13; **Atl. Nat'l Trust**, 922 A.2d at 921, 923 (affirming trial court's refusal to strike judgment based upon creditor's failure to aver in complaint that it had previously sought to enforce warrant of authority where prior stipulation attested to debtor's knowledge of prior confession of judgment action); **Courtney v. Ryan Homes**, 497 A.2d 938, 941 (Pa. Super. 1985) (affirming trial court refusal to strike or open judgment on the basis that the complaint and confession of judgment were

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

honored principle that warrants to confess judgment must be "strictly construed" in favor of the debtor, that "if doubt exists it must be resolved against the party in whose favor the warrant is given," and that a failure to "strictly follow" the letter of the warrant will require the judgment to be stricken." **ABF**, 166 A.2d at 319.

combined in one document rather than entered separately, and noting that due notice had been provided under the terms of the confession clause); *George Althof Inc.*, 441 A.2d at 1238 (reversing trial court order striking judgment and allowing amendment to cure improper verification of complaint). None of these cases so much as hints that *ABF* has been abrogated in any way material to this case.

Reinforcing the durability of *ABF*'s cautionary tone, in 1971, we made the following observations:

> The Pennsylvania Supreme Court has observed that '(a) warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender.' *Cutler Corp. v. Latshaw*, 97 A.2d 234, 236 (Pa. 1953). The use of this 'most powerful and drastic document' has been eliminated or severely restricted in the vast majority of jurisdictions in the United States. *See* 16 Vill. L. Rev. 571, 573 n. 9 (1971) and accompanying text. The Pennsylvania Rules of Civil Procedure pertaining to confessions of judgment were written to give a debtor additional protection by prescribing requirements such as the detailed sworn complaint, **the notice procedure**, and improvements in the procedure for relief from confessed judgments. 3 Goodrich-Amram 331 (Supp. 1970) (Commentary to Rules 2950-2962 of the Pennsylvania Rules of Civil Procedure). **We can see no reason in law or policy for permitting a court to abrogate these protections by waiving the mandatory provisions of the Rules and allowing a plaintiff to file a complaint *nunc pro tunc*.**

*Citizens Nat'l Bank of Evans City v. Rose Hill Cemetery Ass'n of Butler*, 281 A.2d 73, 75 (Pa. Super. 1971) (footnote omitted; emphasis

added); *see First Union Nat'l Bank v. Portside Refrigerated Sys., Inc.*, 827 A.2d 1224, 1231 (Pa. Super. 2003) ("The validity of a confession of judgment requires strict compliance with the Rules of Civil Procedure as well as rigid adherence to the provisions of the warrant of attorney. Absence such compliance, a confession of judgment cannot stand." (citation and internal quotation marks omitted)).

For the foregoing reasons, our case law compels us to reverse the trial court's order to the extent it refused to strike the judgment in this case. However, our discussion does not end there. As noted, *supra*, in this case, Dime's Second Amended Complaint remains pending, and is not directly affected by this case. Moreover, because the trial court held it in abeyance pending the disposition of this appeal, we need not, nor should we, address its validity in the wake of this ruling, especially because Andrews has not directly contested the Second Amended Complaint's validity in this appeal.

Ameliorating the practical effect of *ABF* in this case, however, is that the warrant of authority in this case purports to authorize Dime to confess judgment as many times as is necessary to fully satisfy Andrews' and the Borrowers' concurrent obligations under the Note and Guarantee and Suretyship Agreements. *See* Guarantee at 5 ("No single exercise of the foregoing warrant empowered [*sic*] to bring an action or to confess judgment shall be deemed to exhaust the power, but the power shall continue undiminished and may be exercised from time to time as often as [Dime] shall elect until all amounts payable to [Dime] under the LOAN

- 19 -

DOCUMENTS shall have been paid in full." (capitalization modified)). Absent a contrary agreement, Pennsylvania law precludes repeated exercises of a warrant of authority to confess judgment. *See TCPF Ltd. P'ship v. Skatell*, 976 A.2d 571, 576 (Pa. Super. 2009) (quoting *Continental Bank v. Tuteur*, 450 A.2d 32, 35 (Pa. Super. 1982)) ("[O]nce a judgment has been entered under a warrant of attorney, the authority to use the warrant vanishes and the warrant cannot again be exercised."). However, under certain circumstances, and to certain extents, parties to a note may waive this rule, allowing for multiple exercises of a warrant of authority to confess judgment. *See Atl. Nat'l Trust*, 922 A.2d at 924 ("A warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised.").

Accordingly, while the judgment before us presently must be stricken under controlling case law, our ruling is without prejudice to any remaining avenues for relief that Dime may have. Whether the Second Amended Complaint remains valid and sufficient to enable Dime to confess judgment anew, whether an entirely new proceeding may and must be commenced, or whether there is any reason under the law that Dime may not twice exercise its warrant of authority as specified in the Guarantee,[5] is a matter for the trial court to determine upon remand.[6]

---

[5] *See, e.g., TCPF*, 976 A.2d at 576 (noting that Pa.R.C.P. 2953 allows for successive exercises of a single warrant of authority where the

*(Footnote Continued Next Page)*

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judge Jenkins joins the opinion.

President Judge Gantman files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2015

---

*(Footnote Continued)* ────────────

underlying agreement so provides for several portions of a debt as they come due, but distinguishing separate sums with a similar exercise for the "same sum" of money); ***Ferrick v. Bianchini***, 69 A.3d 642, 653-54 (Pa. Super. 2013) (upholding successive exercises by agreement where lease provided that landlord could do so to collect "separate and distinct debts").  We need not decide at this time whether Rule 2953 or any other provision precludes enforcement of the instant Guarantee as written.

[6]     Because striking the standing judgment in this case does not clearly preclude Dime from proceeding anew, the dissent's willingness to cloud or diminish, albeit *sub silentio*, the nearly fifty-year-old holding in ***ABF*** seems quite unnecessary.