J-A15019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NORTH CITY DEVELOPMENT CO. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GENERAL FOODS, LLC | |
| Appellant | No. 1440 EDA 2014 |

Appeal from the Order Entered April 30, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013 No. 03382

BEFORE:  BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED NOVEMBER 05, 2015**

Appellant, General Foods, LLC, (General Foods) appeals from the portion of the April 30, 2014 order denying its petition to open or strike a confessed judgment entered in favor of Appellee, North City Development Company (North City).  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> [North City] confessed judgment pursuant to a commercial lease with General Foods (hereinafter "Lease").  At the time the Lease was signed, General Foods and North City were both fully owned by the same person – Mr. Abraham Woidislawsky, a real estate investor who has been managing properties for over 30 years.

_____

[*] Former Justice specially assigned to the Superior Court.

The Lease pertains to a property (hereinafter "the Property") that is located in a shopping center owned by North City (hereinafter "Shopping Center"). Mr. Woidislawsky served as the property manager of the Shopping Center. The Lease, which was drafted by Mr. Woidislawsky's attorney, is for a 99-year term and, at the time that the Complaint was filed, set rent for the Property at $1,537.34 per month. As part of the Lease, General Foods was required to pay estimated common area maintenance fees and a pro rata share of taxes and insurance each month (hereinafter collectively referred to as "CAM"), in addition to rent. This was supplemented by a CAM reconciliation total, which was calculated and billed to each shopping center tenant at the end of each year, and represented the difference between the estimated CAM monthly payments and the actual CAM costs. Though General Foods is North City's tenant, Mr. Woidislawsky had subleased the Property to a third party for about $6,500 per month, thereby allowing General Foods to reap a profit of roughly $5,000 per month. Undoubtedly, General Foods' rent is so far below market value because Mr. Woidislawsky owned both entities at the time his attorney drafted this Lease.

The Lease provides for several events of default, the most relevant of which for the instant case are described in Section 16(a) and 16(g) of the Lease. Under Section 16(a), a tenant has defaulted "to pay when due any installment of rent hereunder or any other sum herein required to be paid by Tenant, if such failure continues for 10 days after written notice thereof by Lessor is received by Tenant: is an event of default. Under Section 16(g) of the Lease, it is an event of default when there is "[r]epetition or continuation of any failure to timely pay any rent or other sums herein required to be paid by Tenant where such failure shall continue or be repeated for two (2) months in any period of twelve consecutive months." The Lease also contains a confession of judgment clause in Section 17(b), which allows for judgment to be entered

- 2 -

pursuant to Pa.R.C.P. 2950, *et seq.* upon a default by the lessee.

In May of 2007, Kyun Duk Seo and Myung Kyu Seo purchased 89 shares of stock in North City. They bought the remaining stock in April of 2013, becoming the sole shareholders of North City. Though Paul Seo, the new owners' son, began managing North City in 2010, Mr. Woidislawsky remained the Shopping Center's property manager. As the property manager, Mr. Woidislawsky was in charge of collecting the CAM reconciliations from the tenants, including General Foods. However, in early 2011, shortly after becoming North City's manager, Paul Seo discovered that Mr. Woidislawsky had not collected CAM reconciliation from General Foods for the years 2007 through 2010. Mr. Seo testified in his deposition that he informed Mr. Woidislawsky as soon as he became aware of this fact. Mr. Seo repeatedly requested satisfaction of the charges and Mr. Woidislawsky consistently responded with promises of payment, but then would fail to follow through. Indeed, Mr. Woidislawsky admitted that he did not pay the charges until after the confessed judgment was entered. General Foods paid the CAM reconciliation for 2011, but then failed to pay it again for 2012. Mr. Woidislawsky maintains that he has paid all that he owed because he disagreed with the calculations of the CAM reconciliations and, thus, he was not required to pay them.

In April of 2013, when the Seos assumed complete ownership of North City and after they found out that Mr. Woidislawsky was not collecting CAM reconciliation from General Foods, they hired a new company to manage the properties, thereby replacing Mr. Woidislawsky. Subsequently, General Foods did not pay its rent on time for May, June, July, or September of 2013 and North City sent letters via regular mail demanding payment of rent and other charges dated May 6, 2013, June 6, 2013, July 8, 2013 and August 6, 2013. In his deposition, Mr. Woidislawsky contended that he always paid rent on time, but North City didn't pick up the checks on

time. [H]owever, he also stated that, though the Seos owned 89 percent of North City at the time, he believed that he could pay whenever he wanted, because he believed the properties still belonged to him and, in addition, because he managed the properties. On September [9], 2013, North City sent a letter requesting payment of the unpaid charges via UPS, which was received and signed for by Mr. Woidislawsky's secretary, Ms. June Amey, on September 13, 2013. North City instituted this action after General Foods did not respond to that letter in 10 days.

On September 27, 2013, North City filed its Complaint for Confession of Judgment for Money and Possession of Real Property (hereinafter "Complaint"). On October 25, 2013, General Foods filed its Petition to Open/Strike Judgment. …

On November 13, 2013, North City filed its Praecipe to Attach a Verification to its Complaint in order to comply with Pa.R.C.P. 2952(a)(10) and Pa.R.C.P. 1024. Five days later, it filed its [r]esponse [to General Foods' petition]. …

Subsequently, [the trial c]ourt entered an [o]rder granting leave to the parties to take discovery on disputed issues of fact. On March 31, the parties submitted notes of testimony, documentation and supplemental memoranda as required by [the trial c]ourt's January 14, 2014 [o]rder and on April 10, 2014, [the trial c]ourt held a hearing on the Petition. Pursuant to leave granted by [the trial c]ourt, the parties submitted additional supplemental memoranda on April 14 and 15, 2014.

On April 30, 2014, after thorough consideration of the record, briefs and oral argument, [the trial c]ourt denied the Petition to Strike the confessed judgment for possession and money and denied the Petition to Open the confessed judgment for possession; however [the trial c]ourt granted the Petition to Open the confessed judgment for money so that the proper amount of the judgment could be

determined by a fact finder.[1] [The trial c]ourt also ruled that that amount of the judgment and the amount in controversy were not grossly excessive. On May 7, 2014, General Foods [filed a timely notice of appeal]. Pursuant to [the trial c]ourt's May 8, 2014 order, General Foods filed its Statement of Errors pursuant to Pa.R.A.P. 1925(b) on May 21, 2014 …. On July 23, 2014, [the trial c]ourt entered an Order by Agreement, which stayed the execution upon the confessed judgment for possession.

Trial Court Opinion, 9/9/14, at 1-6 (internal citations and footnote omitted).

On appeal, General Foods raises the following two issues for our review.

1. Whether the [t]rial [c]ourt committed an error of law and/or manifestly abused its discretion by refusing to strike the judgments for possession and for money in favor of [North City] and against General Foods[?]

2. Whether the [t]rial [c]ourt committed an error of law and/or manifestly abused its discretion by refusing to open the judgment for possession in favor of [North City] and against General Foods[?]

General Foods' Brief at 4.

In its first issue, General Foods avers that the trial court erred in not striking the confessed judgment for possession or money. General Foods' Brief at 22-39. We begin by noting our well-settled standard of review pertaining to petitions to strike.

---

[1] North City has not filed a cross-appeal from this portion of the trial court's April 30, 2014 order.

> A petition to strike a judgment is a common[-]law proceeding [that] operates as a demurrer to the record.  A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record….  An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

In assessing whether there are fatal defects on the face of the record …, a court may only look at what was in the record when the judgment was entered.  Moreover, if any defect disclosed by the record is one that can be remedied by an amendment of the record or other action, *nunc pro tunc,* the judgment should not be stricken off.  We will reverse a trial court's denial of a petition to strike a judgment only if there is a manifest abuse of discretion or an error of law.

When a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record.

> It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant.  If the authority to enter judgment by confession on a warrant of attorney is not strictly followed, the judgment will be stricken.

Notably, we have observed that the rule of strict construction may be constitutionally mandated in light of … due process attacks on cognovit clauses.

It has always been held that **formal defects, mistakes and omissions** in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby.

*Dime Bank v. Andrews*, 115 A.3d 358, 364-365 (Pa. Super. 2015) (internal quotation marks and citations omitted; emphasis in original).

In arguing that the trial court erred in not striking the confessed judgments, General Foods makes four distinct assignments of error. First, General Foods argues that North City did not aver or prove a demand for rent in its complaint. General Foods' Brief at 25. Second, General Foods avers that North City's attaching a notice of default was not a permissible technical amendment. *Id.* at 28. Third, General Foods submits that North City did not sufficiently aver notice of eviction in its complaint. *Id.* at 35. Fourth, General Foods maintains that the trial court incorrectly concluded that North City's complaint alleged a default by General Foods under a section of the lease that did not require pre-confession notice. *Id.* at 37. We elect to address General Foods' first two arguments together as they are interrelated to each other.

General Foods argues that North City did not aver or prove a demand for rent, relying heavily on our Supreme Court's decision in *Elizabethtown Lodge No. 596 Loyal Order of Moose v. Ellis*, 137 A.2d 286 (Pa. 1958). General Foods' Brief at 23-27. General Foods also avers that the trial court

erred in considering evidence *de hors* to the record, *i.e.*, a demand letter attached to North City's response to General Foods' petition. **Id.** at 26. Related to this argument, General Foods maintains that the trial court improperly considered this demand letter as an amendment to the record. **Id.** at 28.

In **Elizabethtown**, our Supreme Court held that a petition to strike a confessed judgment must be granted where the landlord "fail[s] to aver **or** prove a demand for rent." **Elizabethtown**, **supra** at 289 (emphasis added). Our Supreme Court noted that this is consistent with the common law rule that "forfeitures are odious and must be strictly construed." **Id.** at 290. Instantly, the trial court concluded that **Elizabethtown** only required North City to aver or to prove in its complaint that a demand for rent was made, not both. Trial Court Opinion, 9/9/14, at 8. We agree with the trial court that this is the best reading of the case. Our Supreme Court's use of the conjunction "or" strongly indicates its intent that under Pennsylvania law a landlord may **elect** to aver in the complaint's text itself, or prove via exhibits attached to the complaint or otherwise in the record, that a demand for rent was made. This is reinforced by our Supreme Court pointing out that the landlord in **Elizabethtown** conceded that "no demand for payment of the rent was made on the due date[.]" **Id.** at 289. Nor was the same averred in the complaint. The judgment of our Supreme Court in **Elizabethtown** was that because the landlord did not demand payment of

rent and there was no waiver of such a demand in the underlying lease, the confessed judgment was required to be stricken. *Id.* at 291.

In the case *sub judice*, it is undisputed that North City did not specifically aver in its complaint that it made a demand for rent, nor did it attach a demand letter to the same. However, this does not support the conclusion that a demand for payment was never made, as was the case in *Elizabethtown*.

Appellant is correct that when considering a petition to strike a judgment, the trial court is confined to "only the record *as filed by the party in whose favor the warrant is given,* i.e., the complaint and the documents which contain confession of judgment clauses [and m]atters dehors the record filed by the party in whose favor the warrant is given will not be considered." *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996) (emphasis in original). However, as noted above, Pennsylvania law prohibits the striking of a confessed judgment if an "omission" can be corrected by the trial court allowing an amendment of the record. *Dime Bank*, *supra*; *see also Atl. Nat'l Trust, LLC v. Stivala Invs.*, 922 A.2d 919, 923 (Pa. Super. 2007) (stating, "a motion to strike may not be granted `[i]f the defect is one that can be remedied by an amendment of the record or other action[]'") (citation omitted), *appeal denied*, 936 A.2d 39 (Pa. 2007). Here, North City's failure to attach its demand letter as an exhibit to its original complaint was undoubtedly an

"omission." However, the trial court properly considered the September 9, 2013 letter attached as an exhibit to North City's response to General Foods' petition to effectively amend the record and cure the omission. *See A. B. & F. Contracting Corp. v. Matthews Coal Co.*, 166 A.2d 317, 320 (Pa. Super. 1960) (stating, "the failure to attach a copy of the notice [of the default] was merely a formal defect[]"). This further distinguishes the instant case from the situation our Supreme Court confronted in *Elizabethtown*, most notably that a demand was made, and said demand letter was supplied.

General Foods also argues the omission of the September 9, 2013 demand letter at the time of the filing of the complaint, caused it prejudice because it was deprived of raising three meritorious defenses. Specifically, General Foods claims it was prevented from raising the issues that it contacted North City's property manager within the 10-day period, that it disputed the sums in North City's September 9, 2013 letter, and that it did pay all rent that was due and thus substantially performed under the terms of the lease. General Foods' Brief at 34.

We fail to see how North City's initial omission of the September 9, 2013 demand letter "cause[d] General Foods to focus primarily on its strike allegations in its Petition to Strike or Open." *Id.* There was no practical or legal obstacle to General Foods raising as many defenses and arguments as it wanted. General Foods was always free to present to the trial court any

and every reason as to why the confessed judgments should be open or stricken. As we explain *infra*, this is required by Pennsylvania Rule of Civil Procedure 2959. **See generally** Pa.R.C.P. 2959(a)(1). Based on these considerations, we conclude the trial court did not abuse its discretion or legally err when it denied General Foods' petition to strike the confessed judgments for possession and money.[2] **See Dime Bank**, **supra**.

In its second issue on appeal, General Foods avers that the trial court erred when it failed to grant its petition to open the confessed judgment for possession. General Foods' Brief at 40-52. We begin by noting our standard of review. "A petition to open a confessed judgment is an appeal to the equitable powers of the court." **Midwestern Fin. Acceptance Corp. v. Lopez**, 78 A.3d 614, 623 (Pa. Super. 2013) (citation omitted). "We review a court's order denying a petition to open a confessed judgment for an abuse of discretion." **Huntington Nat'l Bank v. K-Cor, Inc.**, 107 A.3d 783, 785 (Pa. Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 1281 (Pa. 2015). "A petition to open a judgment should be granted when a party acts promptly, alleges a meritorious defense to the judgment and

_____

[2] In its last two arguments, General Foods avers first that the trial court incorrectly concluded that North City sufficiently averred notice in its complaint and second that the defaults complained of did not require notice at all. General Foods' Brief at 35, 37. However, because we have resolved General Foods' first two arguments in North City's favor, we need not address General Foods' remaining two arguments since they are contingent on this Court's disagreeing with the trial court's reading of **Elizabethtown**.

presents evidence of that defense sufficient to reach a jury." ***Atl. Nat'l Trust, LLC.***, ***supra***.

> [It is axiomatic that] a court should open a confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. In determining whether sufficient evidence has been presented, [courts should] employ the same standard as in a directed verdict: [the trial court must] view all the evidence in the light most favorable to the petitioner and accept as true all evidence and proper inferences therefrom supporting the defense while … reject[ing] adverse allegations of the party obtaining the judgment.

***Stahl Oil Co., Inc. v. Helsel***, 860 A.2d 508, 512 (Pa. Super. 2004) (internal citations omitted), *appeal denied*, 885 A.2d 43 (Pa. 2005).

Instantly, General Foods raises two arguments in support of its position that the confessed judgment for possession should have been opened. First, General Foods avers that the trial court applied an incorrect standard as it failed to view the evidence in the light most favorable to it, regarding its compliance within the demand letter's 10-day period. General Foods' Brief at 42. Second, General Foods argues that the trial court failed to apply the proper standard to determine whether it substantially performed under the terms of the lease. ***Id.*** at 43. However, we must first consider North City's argument that General Foods waived these arguments

by not presenting them in its petition to open the judgment in the trial court.

***See generally*** North City's Brief at 32-34, 39-40.

Petitions to open or strike a confessed judgment are governed by Rule 2959, which provides in relevant part, as follows.

> **Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure**
>
> (a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), **all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition**. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.
>
> …
>
> (c) **A party waives all defenses and objections which are not included in the petition or answer**.
>
> …

Pa.R.C.P. 2959 (emphases added); ***see also*** Pa.R.A.P. 302(a) (stating, "issues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

We have reviewed General Foods' petition. Therein, it raised three issues regarding its position that the confessed judgment for possession should be opened. First, General Foods asserted that North City had not produced any evidence that notice of nonpayment had been provided.

General Foods' Petition, 10/25/13, at ¶¶ 67-69. Second, General Foods averred that the amount of the judgment was excessive and not supported by evidence. *Id.* at ¶¶ 76-78. Third, General Foods submitted that the signature on the lease did not relate to the warrant of attorney provision contained in the lease and said warrant was not bolded, underlined, or otherwise set apart from the rest of the lease's text. *Id.* at ¶¶ 82-86. Nowhere in its petition to open did General Foods assert that it complied with the 10-day notice or substantially performed under the terms of the lease.[3] Regarding its alleged compliance with the 10-day notice, General Foods did not make this argument until it filed its reply to North City's answer. *See generally* General Foods Reply, 11/21/13, at 4-5. As a result, we agree with North City that General Foods' arguments regarding its petition to open the confessed judgment for possession are waived on appeal.

Based on the foregoing, we conclude all of General Foods' issues are either waived or devoid of merit. Accordingly, the trial court's April 30, 2014 order is affirmed.

Order affirmed.

_____

[3] General Foods acknowledges that it did not raise these issues in its petition to open. General Foods' Brief at 34.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2015</u>