J-A07036-20

2020 PA Super 144

| SDO FUND II D32, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERARD T. DONAHUE | : | |
| | : | |
| Appellant | : | No. 889 MDA 2019 |

Appeal from the Order Entered May 3, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2017 CV 4574

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.:                    **FILED JUNE 17, 2020**

Gerard T. Donahue ("Donahue") appeals from the order entered in the Lackawanna County Court of Common Pleas, denying his petition to strike and/or open the confessed judgment entered in favor of SDO Fund II D32, LLC ("SDO"). The key issue is whether the subject confessed judgment was infirm because the warrant of attorney was "exhausted" by a previous use of the warrant to confess judgment against Donahue. Because the warrant of attorney contained explicit language permitting the lender to confess judgment against Donahue multiple times without exhausting the warrant, we affirm.

This case arises out of the purchase and development of a large commercial office building in Scranton, Pennsylvania, pursuant to a commercial real estate loan. Donahue is a commercial real estate investor. In July 2008, he entered into a Guaranty and Surety Agreement (the "Guaranty")

with SDO's predecessor-in-interest, PNC Bank, N.A. ("PNC"). The Guaranty rendered Donahue an "absolute, unconditional, irrevocable and continuing" guarantor and surety of a debt of 417 Lackawanna Avenue, LLC ("417 Lackawanna"). Guaranty, 7/1/08, at ¶ 2. Donahue is 417 Lackawanna's president. The debt was in the original principal amount of $5.4 million, as evidenced by a note ("Term Note").

The Guaranty contained a warrant of attorney that authorized the lender to confess judgment for the total amount due, upon an event of default. It provided that "[n]o single exercise" of the warrant, "or a series of judgments," would exhaust the warrant of attorney:

> Power to Confess Judgment. The Guarantor hereby empowers any attorney of any court of record, after the occurrence of any Event of Default hereunder, to appear for the Guarantor and, with or without complaint filed, **confess judgment, or a series of judgments, against the Guarantor** in favor of the Bank for the amount of the Obligations[.]...
>
> **No single exercise of the foregoing power to confess judgment, or a series of judgments, shall be deemed to exhaust the power**, whether or not any such exercise shall be held by any court to be invalid, voidable, or void, but the power shall continue undiminished and it may be exercised from time to time as often as the Bank shall elect until such time as the Bank shall have received payment in full of the Obligations and costs.

Guaranty, at 7/1/08, at ¶ 9 (emphasis added).

Approximately three years after entering into the Guaranty, in June 2011, Donahue, acting in his capacity as president of 417 Lackawanna, executed an amendment to the Term Note (the "First Amendment"). First

Amendment to Loan Documents, 6/30/11. Included within the First Amendment, he also executed, acting in his individual capacity, a Consent of Guarantor, which provided that all of the terms in the Guaranty remained "unaltered and in full force and effect." *Id.* at 7. It also stated that "**[t]he Guarantor ratifies and confirms the indemnification, confession of judgment (if applicable) and waiver of jury trial provisions contained in the Guaranty.**" *Id.* (emphasis in original).

Approximately seven months later, in January 2012, PNC confessed judgment against Donahue for $5,671,904.74 (the "PNC Judgment"). However, it did not execute on the judgment.

Subsequently, in September 2012, Donahue – acting in his capacity as president of 417 Lackawanna – executed a second amendment to the Term Note ("Second Amendment"), again altering the payment terms. The Second Amendment contained a warrant of attorney authorizing the confession of judgment against both 417 Lackawanna and Donahue. It also permitted the entry of multiple successive judgments until the debt was paid in full. Second Amendment to Loan Documents, 9/21/12, at ¶ 9. As part of the Second Amendment, Donahue also executed – in his individual capacity – a second Consent of Guarantor, in which he again "**ratifie[d] and confirm[ed] the indemnification, confession of judgment and waiver of jury trial provisions contained in its Guaranty**." *Id.* at p. 7 (emphasis in original).

In October 2012, PNC voluntarily discontinued the PNC Judgment without prejudice.

There was a third amendment to the Term Note ("Third Amendment"), which Donahue also signed in his capacity as president of 417 Lackawanna. The Third Amendment changed the payment terms of the Term Note to require final payment under the Term Note on March 31, 2014. Like the Second Amendment, the Third Amendment contained a warrant of attorney authorizing the confession of judgment not only against 417 Lackawanna, as principal, but also against Donahue, as guarantor. It also permitted the entry of multiple successive judgments until the debt was paid in full. Third Amendment to Loan Documents, 11/21/13, at ¶ 9. Donahue executed a third Consent of Guarantor, in which he again "**ratifie[d] and confirm[ed]**" the confession of judgment provision contained in the Guaranty. *Id.* at p. 7 (emphasis in original).

417 Lackawanna defaulted on the Term Note by failing to pay all sums due by March 31, 2014.

On March 11, 2016, PNC assigned its rights under the Term Note and Guaranty, as amended, to SDO. SDO and 417 Lackawanna then entered into a Forbearance Agreement, whereby SDO agreed not to take any action on the default under the Term Note until December 31, 2016. Forbearance Agreement, 5/20/16, at ¶ 6.2. The Forbearance Agreement contained a warrant of attorney authorizing the confession of judgment against 417 Lackawanna including the entry of "a series of judgments" until the debt was paid in full. *Id.* at ¶ 22. As part of the Forbearance Agreement, Donahue executed in his personal capacity another Consent of Guarantor, in which he

again "ratifie[d] and confirm[ed]" the confession of judgment provision in the Guaranty. *Id.* at unpaginated p. 13.

When December 31, 2016 arrived, SDO and 417 Lackawanna entered into an Amendment to Forbearance Agreement in which SDO agreed not to take action on the default under the Term Note until March 31, 2017. Amendment to Forbearance Agreement, 12/31/16, at ¶ 2(b).

The debt remained unsatisfied on March 31, 2017. As a result, SDO filed a Complaint in Confession of Judgment on August 23, 2017, and entered judgment for $5,689,780.41, against Donahue. Donahue then filed a petition to strike/open the judgment, which the trial court denied on May 3, 2019. This timely appeal followed.

Donahue raises one issue for our review:

> Whether the hearing judge erred and abused its discretion in not striking/opening the judgment confessed by assignee SDO on the basis that PNC's prior use of the warrant of attorney to confess judgment exhausted the warrant which merged into the confessed judgment and which could not be revivified by any language in the amendments to loan and forbearance agreements, including "ratify and confirm" thereby rendering SDO's second confession of judgment a nullity[?]

Donahue's Br. at 4.

"[W]e review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion." *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa.Super. 2015) (citation omitted). Our scope of review on appeal is "very narrow" and we will overturn the trial court decision only if the

trial court has abused its discretion or committed manifest error. ***Atlantic Nat'l Trust, LLC v. Stivala Invs., Inc.***, 922 A.2d 919, 925 (Pa.Super. 2007) (citation omitted).

Opening and striking a judgment are different remedies subject to different standards. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***Resolution Trust Corp. v. Copley Qu-Wayne Assocs.***, 683 A.2d 269, 273 (Pa. 1996) (citation omitted). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Id.*** (citation omitted).

"A petition to open a confessed judgment is an appeal to the equitable powers of the court." ***Neducsin***, 121 A.3d at 504. The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***Id.*** at 506 (citation and emphasis omitted). "[I]f the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it." ***Id.*** at 504 (internal quotation marks, citation, and brackets omitted).

Donahue argues the trial court erred by not striking or opening the confessed judgment. Specifically, he contends that the entry of a judgment on a warrant of attorney has the effect of exhausting the warrant, and a second confessed judgment based on the same warrant of attorney is invalid.

Donahue's Br. at 17. He cites **Scott Factors, Inc. v. Hartley**, 228 A.2d 887 (Pa. 1967), and **TCPF, Ltd. P'ship v. Skatell**, 976 A.2d 571 (Pa.Super. 2009), to argue that a judgment may be confessed but once for the same debt and the law precludes repeated exercises of a warrant of attorney to confess judgment. Donahue's Br. at 17. Donahue contends that since PNC had previously confessed judgment against him on the same debt, the warrant of attorney in the Guaranty had been exhausted when SDO most recently exercised it against him, such that SDO could not use the warrant. **Id.** at 9.

Donahue further asserts that he never signed a new confession of judgment with a fresh warrant and that the Consents of Guarantor that he signed in conjunction with the amendments to the Guaranty contained no new confession of judgment provisions. Rather, according to Donahue, the Consents of Guarantor merely ratified and confirmed a confession of judgment with the original warrant of attorney exhausted. **Id.** at 9, 22-23. He argues that there is no authority holding that the words "ratify and confirm" in amendments to a loan agreement have the effect of revitalizing an exhausted warrant. **Id.** at 10.

SDO agrees with Donahue that the general rule is that a warrant of attorney may not be used to confess judgment for the same debt more than once. However, SDO contends that several recent cases from this Court allow the parties to waive the general rule by agreement and permit multiple exercises of a warrant of attorney for the same debt. SDO's Br. at 14 (citing **Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Restaurant, Inc.**,

214 A.3d 259, 274 (Pa.Super. 2019), **Dime Bank v. Andrews**, 115 A.3d 358, 369 (Pa.Super. 2015), and **Atlantic Nat'l Trust**, 922 A.2d at 924).

SDO argues that the Guaranty plainly permitted multiple exercises of the warrant of attorney and, after the PNC Judgment was withdrawn without prejudice, Donahue admits that he repeatedly executed Consents of Guarantor that ratified and confirmed that the provisions of the Guaranty, including the warrant of attorney, remained "unaltered and in full force and effect." **Id.** at 16, 18. SDO further contends that Donahue submitted himself to new warrants of attorney in the Second and Third Amendments to the Term Note, each of which authorized SDO to confess judgment against "any Guarantor," including Donahue. **Id.** at 16, 21-22.

A warrant of attorney "constitutes a grant of authority by one contracting party to the other, upon the happening of a certain event, *i.e.,* a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, *i.e.,* a judgment." **TCPF Ltd. P'ship**, 976 A.2d at 575, n.5 (quoting **Scott Factors**, 228 A.2d at 888). The general rule in Pennsylvania is that "a warrant of attorney to confess judgment may not be exercised twice for the same debt." **Id.** at 575 (citations omitted).

However, we recognized in **Dime Bank** that "under certain circumstances, and to certain extents, parties to a note may waive this rule, allowing for multiple exercises of a warrant of authority to confess judgment." 115 A.3d at 369 (citations omitted). This is because a warrant of attorney is

a contractual agreement and the parties to the contract are free to determine the extent of the power the warrant confers, including the number of times the holder of the warrant may exercise it. ***Id.*** (citing ***Atlantic Nat'l Trust,*** 922 A.2d at 924). ***See also Dominic's Inc.***, 214 A.3d at 274 (finding that although appellee did not properly aver notice of nonpayment and cure period, note allowed appellee "to confess judgment as many times as necessary until payment in full of all amounts due; so, [a]ppellee did not exhaust the warrant of attorney in this flawed attempt to confess judgment").

Here, acknowledging our decision in ***Dime Bank***, the trial court observed that parties to a note may waive the general rule that precludes repeated exercises of a warrant of attorney to confess judgment by contract. The court stated:

> What Defendant Donohue essentially alleges is that the Warrant of Attorney had been exhausted when it was most recently exercised against him, which he maintains is a meritorious defense to the judgment and evidences a material or prejudicial defect in the record, necessitating the striking of the judgment. We disagree. In his Petition, [Donahue] admits execution of the Guaranty and Surety Agreement (the "Guaranty") containing the Warrant of Attorney clause upon which this particular judgment was entered and admits as well that he subsequently executed several Consents of Grantor, each of which expressly ratified and confirmed the validity of the original loan obligations and the Guaranty, including the Warrant of Attorney. Further, Donahue ratified and submitted himself to separate Warrants of Attorney in the First, Second, and Third Amendments to the loan documents and the Forbearance Agreement, each of which authorized Plaintiff SDO to confess judgment against [Donahue] for the default under the Guaranty. [Donahue] has not denied that he and his co-obligors defaulted on the loan obligations, therefore taking

that away as a potential meritorious defense. Donohue has admitted to signing the Guaranty and the Consents, and he has not denied default on the loan obligations he guaranteed, without condition.

Trial Ct. Op., 10/8/19, at 5.

Upon review, we find no abuse of discretion by the trial court. The plain language of the Guaranty empowered SDO to confess judgment as many times as necessary until it received payment in full. Donahue thereafter executed multiple agreements that ratified and confirmed the confession of judgment provision contained in the original Guaranty. In essence, the parties, through their own contracts, agreed to allow for multiple exercises of the warrant of attorney to confess judgment, which is plainly permissible. **Dime Bank**, 115 A.3d at 369.

Therefore, we agree with the trial court that the PNC Judgment did not exhaust the warrant of attorney. Donahue's exhaustion argument is neither a fatal defect on the face of the record that would permit the striking of the confessed judgment nor a meritorious defense such that the trial court should have opened the judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/17/2020

- 10 -