J-A18016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TREK DEVELOPMENT GROUP, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANOMAY, LLC | : | |
| | : | |
| Appellant | : | No. 1694 WDA 2019 |

Appeal from the Order Entered November 12, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-001793

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED: September 20, 2021**

Appellant Manomay, LLC, appeals from the November 12, 2019 order that denied Appellant's petition to strike or, alternatively, open judgment by confession and for stay of execution, entered in favor of Appellee Trek Development Group, Inc.[1] Appellant contends that the trial court erred in denying the petition to open or strike because Appellant presented a meritorious defense, there was a dispute as to the amount Appellant owed, the judgment was defective on its face, the warrant of attorney was exhausted by a prior confession of judgment, Appellee failed to provide Appellant notice and an opportunity to cure the alleged default, and Appellant had in fact cured

_____

[1] An order denying a motion to open or strike off a judgment is immediately appealable. *See* Pa.R.A.P. 311(a)(1) (interlocutory appeals as of right).

the alleged default. Following our review, we affirm on the basis of the trial court's January 2, 2020 opinion.[2]

The trial court briefly summarized the relevant facts and procedural history of this matter as follows:

> [Appellee] is the owner of the Century Building at 130 7th Street in downtown Pittsburgh. [Appellee] is individually owned and operated by William Gatti (Gatti).
>
> On September 7, 2011, [Appellee] entered into a written lease agreement (Lease) with Nilesh Mehta (Mehta) for commercial space located on the first floor of the Century Building. The Lease did not permit an assignment without [Appellee's] prior written consent unless the assignment was to an entity solely owned by Mehta. The Lease also contained a confession of judgment clause giving rise to the underlying action.
>
> Mehta subsequently gained permission to assign the Lease to Seven on Seven, LLC (Seven on Seven). [Appellee] then consented to another assignment of the Lease from Seven on Seven to [Appellant] in a December 14, 2016 agreement, which was attached to the complaint. The record shows that [Appellant] is solely owned by Kanan Shah (Shah) who is married to Mehta.

---

[2] In an appeal involving the same parties and property filed at 1693 WDA 2019, Appellant filed an application to dismiss on January 14, 2021. In the application, Appellant asserted that the appeal involved a judgment for possession entered against Appellant and in favor of Appellee and that the appeal became moot once Appellee took possession of the property. Application to Discontinue, 1/14/21, at ¶¶ 1-2. However, Appellant also argued that the discontinuance was not intended to affect the instant appeal. *Id.* at ¶4. This Court granted Appellant's application to discontinue the appeal at 1693 WDA 2019. Order, 1/20/21. In the instant appeal, Appellee avers that the appeal should be quashed for the same reason that the appeal at 1693 WDA 2019 was discontinued and references an agreement and consent order whereby Appellant surrendered possession of the property to Appellee. Appellee's Brief at 11-12. However, because the certified record in the instant appeal does not contain the above-mentioned agreement and consent order or other documentation rendering the appeal moot, we will not quash the instant appeal for mootness.

- 2 -

> According to Gatti's deposition testimony, his consent to the assignment was conditioned on Shah being the sole member of [Appellee].
>
> *    *    *
>
> On September 13, 2018, [Appellee] obtained a confession of judgment against [Appellant] in a separate cause of action. In response, [Appellant] filed a petition to strike/open the judgement. The Honorable Judge Hertzberg issued a rule to show cause and directed [Appellee] to file an answer. Instead, the parties entered into an agreement to forbear execution (forbearance agreement) and [Appellee] allegedly withdrew its Complaint. [Appellee] asserted that [Appellant] subsequently breached the lease and forbearance agreement and, accordingly, filed the underlying complaint on February 4, 2019. [Appellant] responded with an emergency petition to strike/open the judgement, which the trial court denied in its November 12, 2019 orders.

Trial Ct. Op., 1/2/20, at 1-2 (some formatting altered).

Appellant filed a timely appeal on November 15, 2019, and on that same date, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on December 6, 2019, and the trial court filed its Rule 1925(a) opinion on January 2, 2020.

On appeal, Appellant raises the following issues:

1. The trial court erred in denying the petition to open/strike given the *prima facie* evidence of a meritorious defense.

2. The trial court erred in denying the petition to open/strike given the valid dispute regarding the amount, if any, that was due.

3. The trial court erred in denying the petition to open/strike when the judgment was defective on its face.

4. The trial court erred in denying the petition to open/strike when the warrant of attorney was exhausted by a prior confession of judgment.

5. The trial court erred in denying the petition to open/strike when the evidence showed that no notice and opportunity to cure was given and there was a prior action pending.

6. The trial court erred in denying the petition to open/strike when no default occurred, or to the extent there was a default, any alleged default had been cured.

Appellant's Brief at 4 (some formatting altered).

We review Appellant's claims pursuant to the following standards:

We review [an] order denying [a] petition to open the confessed judgment for an abuse of discretion. Our scope of review on appeal is very narrow and we will overturn the trial court decision only if the trial court has abused its discretion or committed manifest error.

Opening and striking a judgment are different remedies subject to different standards. A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.

A petition to open a confessed judgment is an appeal to the equitable powers of the court. The court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury. If the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it.

*SDO Fund II D32, LLC v. Donahue*, 234 A.3d 738, 742 (Pa. Super. 2020) (citations omitted and some formatting altered).

Following our review of the record, the parties' briefs, and the trial court's well-reasoned analysis, we discern no error of law or abuse of discretion by the trial court. *See id.* Therefore, we affirm the November 12,

- 4 -

2019 order on the basis of the trial court's opinion.  **See** Trial Ct. Op., 1/2/20, at 1-8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/20/2021</u>

# Allegheny County - Department of Court Records
## Civil Division - Filings Information

**County caseID:GD-19-001793**

**Case Description:Trek Development Group Inc. vs Manomay LLC**

**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Filed Date | Title/Entry | Entry Classification | Filed By |
|---|---|---|---|---|
| 1 | 01/02/2020 | Opinion | Official Docket Entry | Donald RWalko Jr. |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

TREK DEVELOPMENT GROUP, INC.,

        Plaintiff,

v.

MANOMAY, LLC

        Defendant.

No: GD-19-001793

Superior Court No: 1694 WDA 2019

**OPINION**

BY:

**Honorable Donald R. Walko, Jr.**
City-County Building
414 Grant Street, Room 706
Pittsburgh, PA 15219

COPIES TO:

Counsel for Plaintiff:
Edward F. Voelker, Jr., Esq.
Thomas DiStefano, Esq.
Voelker & Associates, P.C.
Hampton Stoneworks Professional Building
3960 Route 8, Suite 200
Allison Park, Pennsylvania 15101
(412)486-8800

Counsel for Defendant
Dennis M. Blackwell, Esq.
The Blackwell Law Firm
Benedum Trees Building, 9th Floor
223 Fourth Avenue
Pittsburgh, Pennsylvania 15222
(412)391-5299

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

TREK DEVELOPMENT GROUP, INC.,          No: GD-19-001793

           Plaintiff,          Superior Court No: 1694 WDA 2019

   v.

MANOMAY, LLC

           Defendant.


## OPINION


WALKO, J.                                                  January 2, 2020


This appeal concerns two November 12, 2019 Orders of Court denying Defendant's

Petition to Strike or, alternatively, Open Judgment by Confession for Ejectment and for Stay of

Execution. Identical pleadings in this matter are docketed at the following case numbers: GD-19-

001792 (pertaining to the action for eviction) and GD-19-001793 (for past due rent). Defendant

appeals the decisions of the Court. The Orders should be affirmed for the reasons set forth in this

Opinion, which will be entered under both docket numbers.

## I.  BACKGROUND

Plaintiff, Trek Development Group, Inc. ("Plaintiff"), is the owner of the Century

Building at 130 7th Street in downtown Pittsburgh. Trek is individually owned and operated by

William Gatti ("Gatti).

1

On September 7, 2011, Plaintiff entered into a written lease agreement ("Lease") with Nilesh Mehta ("Mehta") for commercial space located on the first floor of the Century Building. The Lease did not permit an assignment without the owner's prior written consent unless the assignment was to an entity solely owned by Mehta. The Lease also contained a confession of judgment clause giving rise to the underlying action.

Mehta subsequently gained permission to assign the Lease to Seven on Seven, LLC ("Seven on Seven"). Plaintiff then consented to another assignment of the Lease from Seven on Seven to Manomay, LLC ("Defendant") in a December 14, 2016 agreement, which was attached to the Complaint. The record shows that the Defendant company is solely owned by Kanan Shah ("Shah") who is married to Mr. Mehta. According to Gatti's deposition testimony, his consent to the assignment was conditioned on Shah being the sole member of Manomay.

## II.  PROCEDURAL HISTORY

On September 13, 2018, Plaintiff obtained a Confession of Judgment against Defendant in a separate cause of action. In response, Defendant filed a Petition to Strike/Open the Judgement. The Honorable Judge Hertzberg issued a Rule to Show Cause and directed Plaintiff to file an Answer. Instead, the parties entered into an Agreement to Forbear Execution ("Forbearance Agreement") and Plaintiff allegedly withdrew its Complaint. Plaintiff asserted that Defendant subsequently breached the Lease and Forbearance Agreement and, accordingly, filed the underlying Complaint on February 4, 2019. Defendant responded with an Emergency Petition to Strike/Open the Judgement, which the Court denied in its November 12, 2019 Orders.

Defendant now appeals the Orders of Court. For the reasons outlined below, the Court's Orders should be affirmed.

2

# III. DISCUSSION

"A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa. Super. 2005). The Pennsylvania Rules of Civil Procedure direct the Court to issue a Rule to Show Cause when a petition to strike or open a judgment states *prima facie* grounds for relief. Pa.R.C.P. 2959(b). "A party waives all defenses and objections which are not included in the petition or answer." Pa.R.C.P. 2959(c).

"A petition to open a default judgment is an appeal to the equitable powers of the court [and] . . . is within the sound discretion of the trial court." *Graziani v. Randolph*, 856 A.2d 1212, 1223 (Pa. Super. 2004). The court shall open the judgment if the plaintiff can produce evidence ". . . which in a jury trial would require the issues to be submitted to the jury. . . ." Pa.R.C.P. 2959(e).

> "Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.... In making this determination, a court can consider facts not before it at the time the judgment was entered."

*Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa. Super. 2015)

"A petition to open judgment is the sole means by which defendant in confession of judgment action can assert a defense." *Resolution Tr. Corp. v. W.W. Dev. & Mgmt., Inc.*, 73 F.3d 1298, 1308 (3d Cir. 1996). Whether *lis pendens* is an appropriate defense is a question of law. *PNC Bank, Nat'l Ass'n v. Bluestream Tech., Inc.*, 14 A.3d 831, 835 (Pa. Super. 2010). The Court considers whether "both suits involve the same parties (acting in the same legal capacity), the same causes of action (with due regard for the common law distinctions between contract, trespass, and equity actions), the same rights asserted, and the same relief requested." *Id.* at 836.

3

"Conversely, a petition to strike a default judgment should be granted where a fatal defect or irregularity appears on face of record." *Id.* citing *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 386 (Pa. Super. 2003); *See also Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 622–23 (Pa. Super. 2013). A petition to strike operates as a demurrer to the record. *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793-4 (Pa. Super. 2013). "[It] is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Id.*

"When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997). "A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment." *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1105 (Pa. 1996). It is also well-established that "[a] record that reflects a failure to comply with Rule 237.1 is facially defective and cannot support a default judgment." *Erie Ins. Co.*, 839 A.2d at 387. The rule requires a party provide notice of its intent to enter a default judgment. Pa.R.C.P. 237.1.

## A. Petition to Open the Judgment

Defendant's Petition to Open was promptly filed, which satisfies the first prong of the test. Plaintiff filed its Complaint on February 4, 2019 and Defendant responded with its Emergency Petition by February 19, 2019. Defendant argued that the judgment should, at the very least, be opened because (1) rent was paid; (2) no defaults occurred; (3) the Forbearance Agreement was not executed by an authorized agent; and (4) damages were excessive.

None of Defendant's arguments demonstrate the existence of a meritorious defense.

4

First, the record established that December's rent was not paid, and default occurred. Shah had worked closely with Gino Riccelli ("Riccelli") to run Stuff'd Pierogi Bar and Seven nightclub under the Lease. Both Shah and Riccelli typically would submit rental payments to Plaintiff on behalf of Defendant. Plaintiff received a cashier's check on December 17, 2018. [1] During his deposition, Riccelli testified that he did not personally make a payment in December. He further testified that Shah had provided Plaintiff with the cashier's check, which was returned for nonsufficient funds three days later.

Defendant made subsequent payments on January 8, 2019 and February 6, 2019, but those were applied to the outstanding balance rather than rent for the month in which the payment was received. As of the filing of the Complaint cn February 4, 2019, Defendant was delinquent on rent for January and no replacement funds for the returned check were received according to the affidavit of Plaintiff's manager, Tricia Corwin.

Any contention that rent was paid such that no default occurred is unsupported by the record before the Court. Defendant has, moreover, failed to provide contrary evidence that it timely paid December's rent, which would have required the Court to open the judgment and submit the question of rental payments to a jury.

Second, the evidence demonstrated that Shah was an authorized agent when she executed the December 20, 2018 Forbearance Agreement. In its Petition, Defendant asserted that it is owned by the Riccelli Group, LLC ("Riccelli Group") and that Shah had no authority to execute Forbearance Agreement. However, Plaintiff denied ever consenting to an assignment between Shah and the Riccelli Group. Any assignment made without Plaintiff's consent would be invalid as a matter of law.

---

[1] The Cashier's Check was dated October 9, 2019.

Defendant offered email correspondence dated January 4, 2017 as evidence of Plaintiff's consent. In the email exchange between Gatti and Riccelli's counsel, Gatti admitted he consented to an assignment to Shah's successor. His consent, however, was predicated on language that should have been but was not included in the November 19, 2016 asset purchase agreement. Defendant offered no other evidence of Plaintiff's consent as required for a valid assignment. Accordingly, the assignment between Shah and Riccelli is invalid and no factual dispute remains regarding Shah's authority to sign the Forbearance Agreement.

Last, Defendant waived any objection to the amount of damages by failing to assert this defense in its Petition. Defendant has, therefore, failed to put forth a meritorious defense that would warrant opening the judgment.

## B. Petition to Strike the Judgment

Defendant has failed to demonstrate the existence of a fatal defect on the face of the record that would have enabled the Court to grant its Petition to Strike the Judgment. Defendant argued that such defects existed because (1) there was no notice or opportunity to cure alleged in Plaintiff's Complaint; (2) Plaintiff withdrew certain allegations of default alleged in its Complaint; (3) there was no valid Warrant of Attorney authorizing a confessed judgment; and (4) there was a prior action pending where judgment was already confessed. In making its determination, the Court was limited to the four corners of the Complaint and exhibits attached thereto.

Plaintiff withdrew its claim of default under Section 11 of the Lease for certain defects related to the condition of the premises. Thus, any contention regarding a lack of notice or opportunity to cure the defects on the premises is now moot. The Court did not require Plaintiff to amend its Complaint in the interest of judicial economy.

6

Defendant also challenged the validity of the Warrant of Attorney authorizing a confessed judgment but improperly cited matters outside of the Complaint. Defendant contended that Mehta and Seven on Seven transferred their rights to the Riccelli Group before the assignment of the Lease to it from Seven on Seven. However, the Lease and Forbearance Agreement attached to Plaintiff's Complaint both contained a valid Warrant of Attorney. Defendant is not entitled to have the judgment stricken based on grounds outside of the record.

Defendant's final argument is that a prior action was pending in which judgment was already confessed at GD-18-011769. Defendant argued that the pending action qualifies as a fatal defect on the face of the record under the doctrine of *lis pendens*. The doctrine, however, would allow the Court to open the judgment, not strike it as Defendant has asserted.

Defendant is, moreover, not entitled to a defense under *lis pendens* because even though the suits involved the same parties, Plaintiff has asserted a new cause of action. While the previous action was based on Defendant's failure to pay rent in September 2018 and its breach of the original Lease, the underlying action relates to subsequent breaches of the Forbearance Agreement and Defendant's failure to pay rent in December 2018. The doctrine of *lis pendens* is clearly inapplicable where a new cause of action is asserted by the Plaintiff.

The Forbearance Agreement explicitly stated that Defendant *"Manomay will withdraw the Petition to Open/Strike the Judgment."*(emphasis added). Defendant has failed to do so. It cannot now assert that Plaintiff is responsible for leaving the matter pending when it has yet to withdraw the Petition in clear violation of the Forbearance Agreement. Nowhere in the agreement did Plaintiff agree to withdraw its Complaint. In fact, it reserved the right to revive the judgment. Plaintiff was within its right to institute the underlying action based on subsequent breaches of the Lease and Forbearance Agreement rather than revive the previous action.

7

# IV.    CONCLUSION

Defendant has failed to demonstrate a meritorious defense or a fatal flaw on the face of the record. It is, therefore, not entitled to have the Court open or strike the judgment obtained against it. For the foregoing reasons, the Court's Orders should be affirmed.

BY THE COURT:

_____, J.
Donald R. Walko, Jr., Judge