J-A08007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN AND OUT ENTERPRISES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKF REPORTERS, INC. | : | No. 1276 WDA 2021 |

Appeal from the Order Entered October 5, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-21-009297

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED: MARCH 29, 2022**

In and Out Enterprises, LLC ("Landlord") appeals from the order entered on October 5, 2021, by the Court of Common Pleas of Allegheny County, which granted the petition of AKF Reporters, Inc. ("Tenant") to strike the confessed judgment entered against Tenant and in favor of Landlord.  After careful review, we are constrained to quash the appeal.

We glean the following facts and procedural history from the record.  On December 10, 2015, Tenant entered into a written lease ("Lease") with Blvd. Allies Peter, LLC and Allies Shane, LLC ("Original Landlord") for commercial space consisting of the first and third floors of 436 Boulevard of the Allies (the "Premises").  On May 13, 2021, Landlord purchased the Premises from Original Landlord and assumed all terms and obligations under the Lease.  The Lease contains a confession of judgment provision, an acceleration of rent provision, and a heightened interest rate provision.

On August 6, 2021, Landlord confessed judgment against Tenant in the amount of "$811,571.74 plus Article 2(C) rent and costs[,]" which included accelerated rent and interest at the heightened rate of 18% per annum. On September 1, 2021, Tenant timely filed a petition to strike and/or open the judgment entered by confession ("Petition to Strike"), in which it alleged the following three fatal defects on the face of the confessed judgment:

a. Landlord was not a party to the Lease Agreement and no Assignment of Lease Agreement had been attached to its Complaint in Confession [of Judgment];

b. Pursuant to the Lease Agreement, only Rent, which term is specifically defined within the Lease Agreement, was subject to the assessment of interest at the rate of eighteen (18%) percent per annum; however, the Complaint in Confession [of Judgment] assessed interest at the rate of eighteen (18%) percent on Real Estate Taxes, Use and Occupancy Taxes, Operating Expenses, and Parking Space Rent, each of which is specifically defined as constituting Additional Rent as opposed to Rent and therefore not subject to the heightened interest rate;

c. The Complaint in Confession [of Judgment] included a claim for accelerated Additional Rent, which was not authorized under the clear language of the Lease Agreement.

Tenant's Brief at 4. Tenant maintained that each of these fatal defects warranted a striking of the confessed judgment, pursuant to Pa.R.C.P. 2959. In the event the trial court did not find a fatal defect on the face of the confessed judgment, Tenant requested that the court alternatively open the confessed judgment to permit the submission of evidence relative to the Tenant's asserted defenses.

After conducting an evidentiary hearing on the matter, the trial court entered an order dated October 5, 2021, granting Tenant's Petition to Strike.[1] Landlord filed a motion for reconsideration, which was denied by order of court dated October 15, 2021. On October 20, 2021, Landlord filed a timely notice of appeal, followed by a timely, court-ordered Rule 1925(b) concise statement of errors complained of on appeal. Herein, Landlord presents the following questions for our review:

> A. Did the trial court commit an error of law in striking [Landlord's] complaint in confession of judgment for money under Pa.R.C.P. 2959?
>
> B. Did the trial court commit an error of law in striking [Landlord's] complaint in confession of judgment for money under Pa.R.C.P. 2959 instead of modifying the judgment *nunc pro tunc*?

Landlord's Brief at 4 (unnecessary capitalization omitted).

This matter is scheduled for oral argument on April 5, 2022. However, we deem it appropriate to address the propriety of the appeal at this juncture.

---

[1] The court explained its decision in its Rule 1925(a) opinion:

> On the face of the judgment in this case, it appears that [Landlord] applied interest under the [L]ease (18%) to amounts not subject to that rate and that [Landlord] accelerated amounts not subject to acceleration. Part of the problem with the confession of judgment in this case is that there is substantial doubt about what "rent" means under the almost unintelligible definitions and terms of the [L]ease. This court is required by law to resolve any doubt as to the validity of this judgment against [Landlord]. ***Scott Factors***[***, Inc. v. Hartley***,] 228 A.2d [887,] 888 [(Pa. 1967)]. The court did so by striking the judgment.

Trial Court Opinion, 11/2/21 (single page).

- 3 -

*See Joseph Palermo Development Corp. v. Bowers*, 564 A.2d 996, 997 (Pa. Super. 1989) ("[I]t is well settled that this [C]ourt may *sua sponte* raise a question as to its own jurisdiction.") (citations omitted).  On November 19, 2021, we issued a rule directing Landlord to show cause as to why this appeal should not be quashed, as an order striking or opening a judgment is generally not immediately appealable.  **See** *Per Curiam* Order, 11/19/21 (citing Pa.R.A.P. 311(a)(1), Note; **Hagel v. United Lawn Mower Sales & Service, Inc.**, 653 A.2d 17, 20 (Pa. Super. 1995); **Joseph Palermo Development Corp.**, 564 A.2d at 997).  Landlord filed a timely response in the form of a letter dated November 23, 2021, in which it asserted that the October 5, 2021 order striking its complaint in confession of judgment for money "is a final order pursuant to Pa.R.C.P. 341[,] as it disposes of all claims and of all parties."  Response to Rule to Show Cause, 11/23/21, at 1 (unpaginated).

In its response, Landlord further explained that it believes **Continental Bank v. Tuteur**, 450 A.2d 32 (Pa. Super. 1982), in which this Court held that a warrant of attorney may not be used twice for the same debt, precludes it from filing an amended complaint in confession of judgment.[2]  Response to Rule to Show Cause at 1 (unpaginated).  Moreover, Landlord cites multiple cases, which it perceives to reflect "conflicting legal precedent."  **See Id.**

_____

[2] We observe that Landlord mistakenly cited to **Continental Bank** as a Pennsylvania Supreme Court case, rather than a Superior Court decision.  The correct citation is reflected above.  Moreover, we note that in reaching its decision, the **Continental Bank** Court relied heavily on **Scott Factors, Inc. v. Hartley**, 228 A.2d 887 (Pa. 1967).

- 4 -

(citing **TCPF Ltd. Partnership v. Skatell**, 976 A.2d 571 (Pa. Super. 2009) (following **Continental Bank** and not allowing an amended complaint in confession of judgment)). **See also id.** (citing **SDO Fund II D32, LLC v. Donahue**, 234 A.3d 738 (Pa. Super. 2020); **Dominic's Inc. v. Tony's Famous Bar**, 214 A.3d 259 (Pa. Super. 2019); **Dime Bank v. Andrews**, 115 A.3d 358 (Pa. Super. 2015); **Atlantic Nat. v. Stivala Investments**, 922 A.2d 919 (Pa. Super. 2007) (permitting an amended complaint in confession of judgment)). Landlord states that it would certainly amend its complaint if it believed it could, but that based on the foregoing case law, Landlord is unsure how to proceed. **Id.** By order dated December 12, 2021, this Court discharged the rule to show cause and deferred the issue to the merits panel. We will now address the appealability of the October 5, 2021 order.

First, we reject Landlord's claim that the order striking its confessed judgment is a final and appealable order. "An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered." **Ferrick v. Bianchini**, 69 A.3d 642, 647 (Pa. Super. 2013). Hence, such an order clearly does not dissolve all claims and all parties.

Second, contrary to Landlord's interpretation of relevant case law, we do not believe the cases cited in its response to the rule to show cause create an inconsistency in legal precedent. In **Continental Bank**, this Court did indeed acknowledge the general rule in Pennsylvania that a warrant of

attorney cannot be used more than once. *See Continental Bank*, 450 A.2d at 35. As we explained:

> In Pennsylvania, we have long recognized and permitted the entry of a judgment by confession upon the authority of a warrant of attorney contained in an agreement between the parties….
>
> The warrant constitutes a grant of authority by one contracting party to the other, upon the happening of a certain event, *i.e.*, a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, *i.e.*, a judgment. Such judgment when entered carries with it the same legal consequences as any judgment of a court…. [T]he given authority…, once exercised, ceases to exist.
>
> Under our case law, it is clear beyond question that, once a judgment has been entered under a warrant of attorney, the authority to use the warrant vanishes and the warrant cannot again be exercised. Upon the entry of a judgment by confession under a warrant of attorney, the warrant is exhausted….

*Id.* (quoting *Scott Factors, Inc.*, 228 A.2d at 888-89). However, we recognized in *Dime Bank* that "under certain circumstances, and to certain extents, parties to a note may waive this rule, allowing for multiple exercises of a warrant of authority to confess judgment." *Dime Bank*, 115 A.3d at 369 (citations omitted).

In *SDO Fund II D32*, an individual filed a petition to strike and/or open the confessed judgment entered in favor of the lender, on the premise that the warrant of attorney was "exhausted" by a previous use of the warrant to confess judgment against him. *SDO Fund II D32*, 234 A.3d at 740. Acknowledging our decision in *Dime Bank*, we upheld the trial court's denial of the petition, "[b]ecause the warrant of attorney contained explicit language

permitting the lender to confess judgment against [the petitioner] multiple times without exhausting the warrant[.]" ***Id.***

Similarly, in the instant matter, the confession of judgment clause contained in the Lease expressly provides, in relevant part, that "*such authority shall not be exhausted by one exercise thereof*, *but judgment may be confessed as aforesaid from time to time as often as any of said rental and/or other sums shall fall due or be in arrears*, and such powers may be exercised as well after the termination or expiration of the term of this lease." Complaint in Confession of Judgment, 8/6/21, at Exhibit A (Lease at 15, Article 17(N) (unpaginated) (emphasis added)). Thus, it appears that the authority granted by the warrant of attorney has not been exhausted, and Landlord would not thereby be precluded from filing an amended complaint for confession of judgment against Tenant.

Additionally, we conclude that no appeal as of right may be taken from the trial court's order striking the confessed judgment. In accordance with Rule of Appellate Procedure 311, "only an order *refusing* to open, vacate, or strike off a judgment is immediately appealable." ***Hagel***, 653 A.2d at 20 (citing ***Joseph Palermo Development Corp***, ***supra***; Pa.R.A.P. 311(a)(1)). ***See also*** Pa.R.A.P. 311, Note ("The 1989 amendment to subparagraph (a)(1) eliminated interlocutory appeals of right from orders opening, vacating, or striking off a judgment while retaining the right of appeal from an order refusing to take any such action.").

Accordingly, we quash the appeal from the trial court's October 5, 2021 order striking Landlord's confessed judgment.[3]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022

---

[3] Nothing herein shall impede Landlord's right to file an amended complaint in confession of judgment.