J-A23036-24

2024 PA Super 301

HERITAGE HILLS ASSOCIATES L.P.   :   IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
            v.                   :
                               :
                               :
HERITAGE HILLS BUSINESSES I, LLC   :
                               :
            Appellant         :      No. 522 MDA 2024

Appeal from the Order Entered March 14, 2024
In the Court of Common Pleas of York County
Civil Division at No:  2023-NO-005718

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY STABILE, J.:            **FILED: DECEMBER 18, 2024**

Appellant, Heritage Hills Businesses I, LLC, appeals from an order denying its petition to strike or open a judgment by confession in the amount of $3,275,000.00 entered in favor of Appellee, Heritage Hills Associates, L.P. We hold that the trial court erred by denying Appellant's petition to strike the judgment, and we reverse.

On March 26, 2019, Appellant, as one of several borrowers, executed and delivered to Appellee an interest-only balloon promissory note ("note" or "original note") in the sum of $3,371,414.76.  The note was in consideration of a commercial loan from Appellee to the borrowers.  Paragraph 10 of the note contained a warrant of attorney[1] authorizing Appellee to enter judgment by confession "at any time."  Note at ¶ 10.  The note also defined a default as the borrowers' failure to make a payment "on the date it is due. . ."  Note at ¶ 6(b).

---

[1] Also known as a "cognovit clause."

On March 2, 2020, Appellant and Appellee entered into a management agreement ("agreement") that defined the terms of Appellant's management and operation of the Heritage Hills Resort and gave Appellant the option to purchase the property on which the resort is located. The agreement provided that upon a default by Appellant, Appellee could accelerate the option purchase price, which the agreement defined as an amount equal to the then current balance of Appellant's underlying obligations. There was no warrant of attorney in the agreement; nor was there any reference in the agreement to the warrant of attorney in the note. The note did not reference the agreement; nor did the note provide that a breach or default under the agreement constituted a default under the note.

On February 17, 2022, Appellant executed an amendment to the note. The amendment materially revised the note terms by, *inter alia*, releasing several of the borrowers from the note obligations, reducing the outstanding principal to $3,275,000.00, changing the interest rate and revising the payment schedule. The amendment stated, "Except as expressly provided in this Amendment, all provisions of the . . . note remain in full force and effect and borrower and lender . . . ratify and confirm each and every provision thereof." Amendment to Note at ¶ 2. Notably, however, the amendment did not restate or reference the warrant of attorney in the note. Nor did the amendment reference the agreement.

On August 9, 2023, counsel for Appellee sent a letter to Appellant stating that Appellant was in default under the agreement for failing to comply with

obligations concerning maintenance of an ice rink and HVAC system.[2] The letter did not state that Appellant was in default for failing to make payments under the note or amendment to the note.

On October 11, 2023, Appellee filed a complaint for confession of judgment against Appellant in the amount of $3,275,000.00, plus continuing interest and costs. The complaint alleged that Appellee had the right to confess judgment because Appellant breached the agreement by failing to maintain or replace the ice rink and failing to ensure that the HVAC system was running properly.

Appellant filed a petition to strike or open judgment and an amended petition to strike or open judgment. On March 14, 2024, the court denied Appellant's amended petition. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises multiple issues in its brief, but we only recite the first issue because it is dispositive: "Whether the trial court erred by not striking the judgment entered by confession on October 11, 2023, as the cognovit clause in the promissory note relied upon by Appellee was not incorporated or referenced in the amended promissory note that was purportedly breached by Appellant?" Appellant's Brief at 3 (cleaned up).

A petition to strike a judgment operates as a demurrer to the record and may be granted only for a fatal defect or irregularity appearing on the face of

_____

[2] Appellant represents in its brief that the agreement is the subject of litigation in a separate case in the trial court.

- 3 -

the record when the judgment was entered.[3] ***Stoltzfus v. Green Line Labs, LLC***, 303 A.3d 447, 452-53 (Pa. Super. 2023). Entry of a valid judgment by confession must be "made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken." ***Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co., Inc.***, 637 A.2d 309, 311 (Pa. Super. 1994). When, as here, the plaintiff institutes the confession of judgment action via complaint, the court must read the complaint and confession of judgment clause together to determine whether there exists a defect on the face of the record. ***Dime Bank v. Andrews***, 115 A.3d 358, 364 (Pa. Super. 2007).

Courts must scrutinize confessed judgments for defects because of the drastic nature of the remedy authorized by a warrant of attorney to confess judgment. ***See Cutler Corp. v. Latshaw***, 97 A.2d 234, 236 (Pa. 1953). "A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law and equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. ***Id.*** For this reason,

---

[3] In contrast, a petition to open a confessed judgment is an appeal to the equitable powers of the court which offers to show that the defendant can prove a defense to some or all of the plaintiff's claims. ***Manor Bldg. Corp. v. Manor Complex Associates, Ltd.***, 645 A.2d 843, 845 n.2 (Pa. Super. 1994). The court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***SDO Fund II D32, LLC v. Donahue***, 234 A.3d 738, 742 (Pa. Super. 2020). "[I]f the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it." ***Id.***

Pennsylvania courts require that a warrant of attorney both be explicit and strictly construed. "A warrant of attorney to confess judgment must be self-sustaining; the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant." ***Shidemantle v. Dyer***, 218 A.2d 810, 811 (Pa. 1966). As our Supreme Court held in ***L.B. Foster Co. v. Tri−W Constr. Co.***, 186 A.2d 18 (Pa. 1962),

> A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

***Id.*** at 19-20.

Relying on ***Scott v. 1523 Walnut Corp.***, 447 A.2d 951 (Pa. Super. 1982), a decision that recites and applies the foregoing principles, Appellant argues that the trial court erred in denying its motion to strike the judgment by confession. We agree that ***Scott*** is controlling.

In ***Scott***, a commercial lease first executed in 1950[4] included a warrant of attorney that authorized confession of judgment in the event of

---

[4] In ***Scott***, the original lessee was an individual. Shortly after execution of the original lease, the individual assigned it to a corporation, 1523 Walnut Corporation, which remained the lessee thereafter. Accordingly, we refer below to 1523 Walnut Corporation as the lessee.

nonpayment of rent or failure to comply with the terms of the lease. The lease was amended several times over the next few decades. In each instance, the amended agreement provided that the terms of the original lease remained in full force and effect except as amended. None of the amended agreements contained a clause providing for confession of judgment. The original lease was attached to each renewal document. In 1972, the parties entered into their final written agreement, which extended the lease for ten years commencing October 1, 1975. As to the original lease, which contained the confession of judgment clause, the agreement provided, "Except as modified hereby, the terms of the Lease Agreement dated July 1, 1950, as heretofore amended, shall remain in full force and effect." The 1972 agreement did not itself include a cognovit clause, nor did it incorporate by reference any other document, but the original lease was attached to the agreement. In 1980, the plaintiff confessed judgment against the lessee. The lessee filed a petition to strike or open the judgment, which the trial court denied.

On appeal, the lessee argued that the trial court erred by refusing to open judgment (but did not challenge the court's refusal to strike the judgment). This Court reversed the order denying the lessee's petition, opened judgment and remanded for further proceedings. We reasoned:

> Under general rules, a provision in a contract survives a modification as to some other term; a covenant of a lessee is binding upon his assignee; and a promise on the second page of a document is binding upon a promisor who signs on the first page. **But, with respect to a cognovit provision, Pennsylvania will not presume an intent of parties to a**

- 6 -

**modified contract to perpetuate a warrant of attorney.** Nor will a lease's cognovit clause be binding upon the lessee's assignee. And a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page. The theme running through the . . . cases pertaining to cognovit clauses is that Pennsylvania requires a clearer manifestation of consent to sustain a warrant of attorney to confess judgment than it does to sustain a normal contract provision.

With all of these concepts in mind, we perceive no justifiable basis for the lower court's refusal to open the confessed judgment in this case. First, it is clear that the cognovit provision in the [1950] lease could not alone support the 1980 confession of judgment. The Appellee must, of necessity, rely upon the terms of the latest amendment agreement between the parties [in 1972] as that was the only document which was effective as of the date of the Appellee's action. A prefatory paragraph of the [1972] agreement recited that the parties were lessor and lessee to the property in question under the [1950] lease agreement and the various consecutive amendment agreements, and also stated the desire of the parties to further amend the lease agreement to extend the term thereof. The 1972 document made several other references to the [1950] lease, and, as discussed earlier, provided that: "Except as modified hereby, the terms of the Lease Agreement dated July 1, 1950, as heretofore amended, shall remain in full force and effect." As previously explained, although the original lease and the 1953, 1956, and 1961 extension agreements were apparently attached to the 1972 agreement, none was designated in the latter as an exhibit nor was any specifically incorporated therein by reference. **Finally, it should again be recognized that no warrant of attorney for the confession of judgment in assumpsit was set forth in the 1972 document**.

In these circumstances, prevailing legal precedent precludes a finding that the confessed judgment was valid in this case. First, we are not permitted to presume that it was the intent of the parties, in their various agreements up through and including the 1972 agreement, to perpetuate the 1950 warrant of attorney. Next, we may not treat the cognovit clause in the 1950 lease as a binding part of the 1972 agreement, as it was only in an appended document, and thus bore no direct relation to the signature of the Appellant's representative on the 1972 document. Next, there is a total absence of the clear manifestation of consent which is

required to sustain the validity of a cognovit clause. **Finally, we recognize that the mere general reference in the 1972 document to the [1950] lease is insufficient to bind the Appellant to the warrant of attorney clause set forth in that lease.**

*Scott*, 447 A.2d at 956-57 (citations omitted; cleaned up; emphasis added).[5]

The present case is similar to *Scott*. Here, as in *Scott*, the original note had a warrant of attorney, but the amendment to the note and the

---

[5] Appellant also refers us to two nonprecedential trial court decisions that follow *Scott*. *See 2300 Chestnut Associates L.P. v. Saxby Coffee, Inc.*, 65 D. & C. 5th 340 (Phila Co. 2017) (original lease had warrant of attorney, but amendments to lease adopted and confirmed by general reference terms and conditions of lease without specifically referencing warrant of attorney; motion to strike judgment by confession granted because warrant of attorney did not bind the tenant, since there was no direct relation between original warrant of attorney and signatures executed by tenant's representative at end of amendments to lease); *Dungan Heights Associates, LLP v. Fox Chase Senior Ctr., Inc.*, 64 D. & C. 5th 347 (Phila. Co. 2017), (original lease had warrant of attorney, and amendment to lease modified material terms such as term of lease as well as payments but did not include warrant of attorney, stating instead that "all other terms and conditions of the Lease shall remain in full force and effect"; court struck judgment by confession because amendment to lease did not expressly reference warrant of attorney in original lease, holding that warrant provisions "will not be foisted by implication upon the tenant with the general and nonspecific incorporation clause contained in the Lease Agreement"). We also have located another such decision, *Santander Bank, N.A. v. O'Keefe*, 2017 WL 11653776, *1-2 (Phila. Co. 2017) (borrower obtained loan evidenced by promissory note containing a cognovit clause, and borrower entered into loan modification agreement that changed amount of loan principal but did not include warrant of attorney, stating instead, "Except as expressly modified by this Agreement, the terms of the Loan, as set forth in the Loan Documents, shall remain unchanged and in full force and effect"; court struck judgment by confession because there was "no direct relation between the old cognovit clauses in the original promissory note . . . and his signature at the end of the modified agreement"). Although trial court opinions are not binding precedent, we may consider them for their persuasive authority. *Wilson v. Parker*, 227 A.3d 343, 356 (Pa. Super. 2020).

management agreement did not. Neither did the amendment to the note or agreement refer expressly to the warrant of attorney in the original note. Instead, the amendment to the note merely confirmed by reference the terms of the original note without specific reference to the warrant, the same fatal defect we identified in *Scott*. As a result, there was no direct relation between original warrant of attorney and signatures executed by Appellant's representative at the end of the amendment to the note. Although we opened the judgment in *Scott* instead of striking the judgment, the reason for this result appears to be that the lessee in *Scott* only requested that remedy. Presently, Appellant asks us to strike the judgment, and due to the defects in in the amendment to the note and agreement, we agree with Appellant's request.

The trial court asserts that it properly denied Appellant's motion to strike because the parties executed an amendment to the note instead of an amended note. According to the trial court:

> An amended note, like an amended pleading, takes the place of the first and makes the first a nullity. [In the amendment to the note, however,] Paragraph 1 states, "The Seller's Note is amended to reflect that following limited changes ..." Paragraph 2 continues, "Except as expressly provided in this Amendment, all provisions of the Seller's Note remain in full force and effect..." Thus, except for the change made to the original note by the amendment, it is the original note which controls. The amendment need not incorporate the original note, because by the clear and unambiguous language of the amendment, "all provisions of the Seller's Note remain in full force and effect."

Pa.R.A.P. 1925 Opinion, 6/3/24, at 4-5. Under **Scott**, it is irrelevant whether the instrument in question is an amended note or an amendment to the note. The critical point under **Scott** is that the amendment to the note merely confirms by reference the terms of the original note. It does not have a warrant of its own or refer expressly to the warrant of attorney in the original note. Consequently, this instrument lacks a "clear manifestation of consent" to the warrant of attorney in the original note, **id.** at 957, thus invalidating the confession of judgment against Appellant.

Turning to Appellee's counterarguments, Appellee first argues that **Scott** is distinguishable because **Scott** involved a lease, while the present case involves a promissory note. It is well established, however, that courts strictly construe warrants of attorney in **all** instruments. **See Scott** (strictly construing warrant of attorney in lease); **Dollar Bank**, 637 A.2d at 311-12 (strictly construing warrant of attorney in guaranty and suretyship agreement); **Santander Bank**, 2017 WL at 11653776 (strictly construing warrant of attorney in promissory note). Appellee's argument appears to present a distinction without a difference.

Next, Appellee suggests that **Scott** is inapposite because "(a) the cognovit clause [in **Scott**] was in the original lease from 1950, (b) the plaintiff confessed judgment on a renewal of that lease from twenty-two years later, in 1972 and (c) the original was between different parties." Appellee's Brief at 16. These facts do not distinguish **Scott** in any meaningful way. We know

- 10 -

of no decision, nor does Appellee cite any, that the length of time between the original and amended instruments, or a change in parties between the original and amended instruments, affects how courts construe warrants of attorney.

Finally, Appellee contends that judgment by confession was permissible under ***Graystone Bank v. Grove Estates, LP***, 58 A.3d 1277 (Pa. Super. 2012). There, the defendant executed a promissory note in favor of a bank to refinance a construction project. Subsequently, the parties entered a change of terms agreement that extended the maturity date of the loan but did not change any other terms. The original note included a warrant of attorney, but the change of terms agreement did not include a warrant of attorney or refer to the warrant in the note. The defendant defaulted on the loan, and the bank confessed judgment. The trial court denied the defendant's petition to open or strike the judgment. We summarized the trial court's analysis, in relevant part, as follows:

> Nor was the complete absence of the cognovit [clause] from the Change of Terms Agreement fatal, the [trial] court continued, deeming the agreement nothing more than an extension of the original Promissory Note's maturity date and not, as Appellants argued, a new, comprehensive agreement setting new burdens and benefits upon the parties. As such, the Change of Terms Agreement was distinguishable from a lease renewal, which must contain its own warrant of attorney under our jurisprudence given its status as a novation expressing all rights and responsibilities between the parties from a new start date to end date. In contrast, the Change of Terms Agreement changed only the maturity date and, given the limits of its scope, did not purport to relieve Appellants from the remaining conditions set forth in the original Promissory Note. The court, therefore, found no defect or irregularity with the absence of a warrant of attorney from the Change of Terms Agreement.

- 11 -

*Id.* at 1280. We accepted this analysis. *Id.* at 1282.

In our view, *Graystone Bank* is distinguishable from the present case. The *Graystone Bank* court excused the absence of a warrant of attorney from the change of terms agreement because the latter document merely extended the maturity date of a promissory note instead of creating a "new. . .agreement setting new burdens and benefits on the parties." *Id.*, 58 A.3d at 1280. Here, in contrast, the amendment to the note made material changes to the parties' relationship: it released several of the borrowers from the note obligations, reduced the outstanding principal, changed the interest rate and revised the payment schedule. The amendment in the present case therefore imposed "new burdens and benefits on the parties," *id.*, so its execution—and absence of provisions relating to the warranty of attorney in the original note— does not evidence "clear manifestation of consent" to the warranty of attorney.

For these reasons, we reverse the order denying Appellant's petition to strike the judgment.

Order reversed.  Jurisdiction relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/18/2024